## *In re* KLETT'S WILL.

*(Surrogate's Court, Westchester County, Filed April, 1893.)*

1. WILL—REQUEST TO SIGN.

On an application for the probate of a certified copy of a will and codicil of a decedent who died resident in Pennsylvania, in which State the will and codicil had been proved, it appeared that the attestation clause to the will did not state the witnesses signed at the request of the testator, and that the laws of Pennsylvania did not require proof of such request, which was essential under the statute of this State. The surviving witness, however, testified that the testator presented the will to him with his name already signed to it, and requested him to be a witness thereto, and that he signed it accordingly, but he could not recollect whether the other witnesses were present. The handwriting of the testator and of the other subscribing witnesses were proved. *Held*, that the will was sufficiently established.

2. WILL—ACKNOWLEDGMENT BY TESTATOR.

When a testator presents a paper to a witness with his name already signed to it, and declares it to be his will, it is tantamount to an acknowledgment of his signature.

3. SAME—SIGNATURE BY WITNESSES.

The New York statute does not require that the witnesses should sign in the presence of each other.

4. SAME—PROOF OF EXECUTION.

In such case the only surviving witness (a lawyer) to the codicil could not swear positively that he saw the deceased sign it, or that the deceased declared the paper to be a codicil to his will, but he testified he prepared the codicil at decedent's bedside and at his dictation, and that he believed the attestation clause, which stated that he "published" the paper as such, to be true. He also testified that the other witnesses either signed at the request of the deceased, or at his (the lawyer's) request with testator's consent. The handwriting of testator and of the deceased witness was proved by another witness. *Held*, that the requirements of the statute were complied with.

5. SAME.

When a codicil says, "I, Frederick Klett, the within named testator," and correctly refers to the date of the will, thus allowing the inference to be drawn that it was endorsed upon or appended to the will—*held*, that the proving of the codicil proves the will.

Probate of certified copy of a will and codicil purporting to be made by Frederick Klett, deceased, a resident of Pennsylvania, in which State the papers had been proved and admitted to probate on August 3rd, 1859.

W. S. Allerton, for Franklin C. Jones, surviving executor; Stapler, Smith & Thompson, for F. K. Beckley and others.

COFFIN, S.—Judging from the language of the attestation clauses of the will and codicil, and the proofs taken on the probate by the register of wills, the laws of the State of Pennsylvania do not require that the witnesses should sign at the request of the testator, while the law of this State does. In order that the will may be admitted to probate here, it must be proven to have been executed according to the laws of this State. The attestation clauses to the will and codicil are similar, and state that they were "signed, sealed, published and declared" by the testator, "as and for his last will and testament, in the presence of us, who have hereto subscribed our names in the presence of the testator and of each other." They do not state that they were requested by him to so sign, and the proofs follow the attestation clause. Our law, as stated, requires this request, in some form, to be made. It need not, however, be so stated in the attestation clause. That is no part of the will, and a will may be proven where there is no such clause, provided the witnesses can testify to facts showing a compliance with the requirements of the statute. In this case only one of three witnesses whose names are signed to the will is alive, and only one of three to the codicil; hence, if the will is susceptible of proof at all, it must be by the testimony of the living witness, and by proving the handwriting of the testator and of the subscribing witnesses, under section 2620 of the Code, and so of the codicil. Pleis, the living witness to the will, testifies that the testator presented the will to him, with his name already signed to it, and requested him to be a witness to his will, and that he signed it accordingly. This is all our statute requires, in so far as he

was concerned; it having been repeatedly held that where the testator presents a paper with his name already signed to it, and declares it to be his will, it is tantamount to an acknowledgment of his signature. He could not, after the lapse of more than 30 years, recollect whether the other witnesses were present; nor was it necessary that he should. The statute does not require that the witnesses should sign in the presence of each other. The handwriting of the testator and of the other subscribing witnesses to the will having been proved, as provided by the section referred to, the will appears to be sufficiently established, and is therefore admitted to probate.

The only surviving witness to the codicil is Richard J. Williams, a lawyer, who drew the codicil to the will, and was present at its execution. He does not swear positively that he saw the deceased sign it, but believes that the attestation clause, commencing, "Signed, sealed," etc., states correctly what occurred, and says he signed as a witness at the request of the deceased, and that the other two witnesses either signed at the request of the deceased or at his (Williams') request, with his consent. The handwriting of Frederick Klett and of the deceased witnesses was sufficiently proven by another witness. Now, while Mr. Williams does not directly testify that the deceased declared the paper to be a codicil to his will, yet he does say that he prepared the codicil at his bedside, and at his dictation, and that he believes the attestation clause, which states that he "published" the paper as such, to be true. There can be no reasonable doubt, from these facts, that the deceased fully knew and understood the character of the paper which he was executing; and this fulfills the requirements of the statute in this respect. From the language of the codicil it is fair to infer that it was indorsed upon or appended to the will, for it says, "I, Frederick Klett, the within-named testator," and refers correctly to the date of the will. I have heretofore held in Storm's Will, 3 Redf. Sur. 327, that the proving of the codicil, under similar circumstances, proves the will. Both are therefore admitted to probate.