(23 Misc. Rep. 557.)

### KOPPEL v. HOLM et al.

(Supreme Court, Special Term, New York County. May, 1898.)

WILLS—EXECUTION—CONFLICT OF LAWS—EVIDENCE.
    Under Code, § 2611, restricting the proof of wills disposing of real property to wills executed as prescribed by the laws of the state, a will executed in a foreign country is ineffectual to dispose real property in New York, unless it appears that it was executed as prescribed by the laws of the state.

Action by Alexander Koppel against Hilda Anne Marie Holm, and others. Decree for plaintiff.

Smith, Griffin & Buxton, for plaintiff.
Frederick Cobb, for defendants.

HISCOCK, J. This action is brought for the partition of certain premises consisting of a house and city lot in the city of New York.

The only defense urged is that one Sander B. Koppel, who owned the premises and through whom the various parties claim as widow and heirs at law, respectively, died, leaving a last will and testament, which governs the disposition of the premises in question. No evidence was given upon the trial, but certain facts were stipulated. It was agreed, among other things, that said Koppel, being a citizen of the United States, died in the city of Copenhagen, kingdom of Denmark, leaving a certain paper or writing purporting to be his last will and testament, which was drawn and executed in said city of Copenhagen, dated April 12, 1876, and a copy of which is annexed to the answer of the defendants, and that a copy of said paper writing was duly deposited in the dealing court of the Southern district of the bailiwick of Copenhagen, and the estate of said Koppel situate in the said kingdom of Denmark thereafter administered pursuant to the laws of said kingdom and the terms of said will; that said paper writing has never been filed for probate or admitted to probate as a will or otherwise in the state of New York, nor has the same been established in the state of New York as a will of real and personal property, and no letters of administration have ever been issued upon the estate of said Koppel. There is nothing in said stipulation showing how or with what forms said paper was executed by said Koppel, except as certain inferences (not necessarily legal) may be drawn as to certain things from the form of the paper itself.

Various reasons are urged by the plaintiff why defendants should not be allowed to avail themselves of the purported last will and testament as a defense to this action, and some of these reasons present questions worthy of consideration. Outside of those urged, however, there is one ground which in my opinion presents a conclusive answer and objection to defendants' attempt to set up said instrument. There is, as I have stated, no evidence whatever to show the manner or method of execution by the testator of the instrument. This does not even appear from the face of the copy of the paper, if that were competent and sufficient evidence, which it is not; for, while it would appear from the face of the paper that there were certain acknowledgments and witnesses, it does not appear that they were made or acted in the manner prescribed by our statute relating to the execution, and especially the witnessing, of wills. It is well settled that, in order that a paper may be proved or have effect as a last will and testament governing the disposition of real property, it must appear that the same was executed in accordance with the provisions of our statutes upon that subject, and, this not so appearing in connection with this paper, it is not valid for the purposes urged by defendants. Code, § 2611; Vogel v. Lehritter, 64 Hun, 308, 18 N. Y. Supp. 923; In re Klett's Will, 3 Misc. Rep. 385, 24 N. Y. Supp. 721. It appearing that the premises are so circumstanced that they cannot be actually partitioned, findings or decision and the ordinary interlocutory judgment may be prepared directing a sale of the premises under the direction of George C. Austin, Esq., as referee, when the court has been furnished with a search, as provided by Code, § 1561. Ordered accordingly.