## DICKEY v. GOLDSMITH et al.

(Supreme Court, Special Term, New York County.   July 1, 1908.)

1. TRUSTS—TERMINATION—RIGHT OF SETTLOR—RESERVATION IN DEED CREATED.
   Where the execution of a deed of trust, made to prevent the settlor from being influenced to apply her property to the settlement of her husband's debts, was not attended by any fraud, mistake, or undue influence, and the deed did not reserve to the settlor any right to terminate the trust during her lifetime, but only the right to dispose of the property covered by the trust by will, in default of which the property descended to her heirs, notice by the settlor that she elected to terminate the trust was ineffectual, since the beneficiaries had a vested right in the property to which the trust related, subject only to be divested by the settlor's will.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 47, Trusts, §§ 78–81.]

2. SAME.
   Courts of equity, in the exercise of their supervisory power over trustees and the management of trust estates, cannot, except in exceptional cases, dissolve the trust before the expiration of the term for which it is created.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 47, Trusts, § 83.]

3. SAME.
   A voluntary settlement, fully executed by a person of sound mind, without any mistake, fraud, or undue influence, is binding on the settlor, and cannot be revoked, except so far as the power of revocation has been reserved in the deed.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 47, Trusts, §§ 78–81.]

Action by Celestine A. Dickey against George B. Goldsmith and others.   Judgment for defendants, dismissing the complaint.

M. T. Corcoran, for plaintiff.
Frederick S. Wait, for defendants.

SEABURY, J.   The purpose of this suit is to cancel a deed of trust. The deed of trust was made on June 22, 1891, between the plaintiff and George B. Goldsmith, Samuel A. Goldsmith, and John A. Burchell.   At the time the plaintiff signed the deed of trust she was the wife of John A. Burchell.   Burchell subsequently died, and the defendants are the surviving trustees under the deed of trust referred to above.

Under the deed of trust the plaintiff granted and conveyed to the persons named therein—

"all her right, title and interest, claim and demand, both in law and in equity, with all remainder and remainders, reversion and reversions, vested or contingent, of, in and to the said estate of said Samuel B. H. Judah, and to every part and parcel thereof, and to the rents, issues and income and profits thereof, in trust, nevertheless, for the uses and purposes following; that is to say:   In trust during the lifetime of her, the said Celestine A. Burchell, the party of the first part, to collect and receive the rents, issues, income and profits thereof, and after payments of all taxes, water rates, assessments, repairs, insurance, interest on mortgages or other charges and expenses to pay over and apply the net rents, issues, income and interest arising therefrom to her, the said party of the first part, and at and after the death of the party of the first part to pay over, divide and convey the principal of the trust estate hereby created to and among such persons and to and for such objects as the said party of the first part shall in and by her last will and testament

direct, nominate and appoint, and in default of such last will and testament, then to pay over, convey and divide the same to and among the heirs at law and next of kin of the said party of the first part in the same manner and in the same proportions as if she, the said party of the first part, had died seized and possessed thereof and intestate."

At the time when the plaintiff made this trust deed she had two children. She has since remarried, and now has another child. All of these children are now living, and none of them have been made parties to this suit. The surviving trustees are the uncles of the settlor. The trust was made for the purpose of preventing the settlor from being influenced to apply her property in settlement of her husband's debts. There was no fraud, mistake, or undue influence attendant upon the making of the trust deed. The plaintiff served notice upon the trustees that she elected to terminate the trust. This notice was without any legal effect whatever. The trust was not terminable at the option of the settlor. Nor is any right to terminate or change it during her lifetime reserved to the settlor in the deed of trust. The only right of control of the principal which is reserved in the deed of trust is the right to dispose of it by will. The children of the settlor have, therefore, a vested interest in this principal, which is subject to being divested by the will of the settlor. The court is without power to divest these infant children of their interest in this future estate. Watson v. Bonney, 2 Sandf. 405. Wide as is the supervisory power of courts of equity over trustees in the management of trust estates, yet they cannot, except in exceptional cases, dissolve a trust before the expiration of the term for which it was created. As was said in Cuthbert v. Chauvet et al., 136 N. Y. 328, 32 N. E. 1088, 18 L. R. A. 745:

"The exceptions have been rare, and have always belonged to a well-defined class, where the interference of the court did not disturb or destroy the trust scheme, but was rendered necessary in order to prevent its entire failure."

The exceptional cases are discussed in Cuthbert v. Chauvet, supra, and it is evident that the present case does not come within any of those classes of cases where authority sanctions judicial interference. In Keyes v. Carleton, 141 Mass. 45, 6 N. E. 524, 55 Am. Rep. 446, the court said:

"It is settled by the uniform course of the decisions in this commonwealth that a voluntary settlement, fully executed by a person of sound mind, without any mistake, fraud, or undue influence, is binding upon the settlor, and cannot be revoked, except so far as a power of revocation has been reserved in the deed."

Judgment is awarded to the defendants, dismissing the complaint.