(60 Misc. Rep. 261.)

### LEWINE v. GERARDO et al.

(Supreme Court, Special Term, Westchester County. March, 1908.)

1. TRUSTS—EXPRESS TRUSTS—EFFECT OF PARTIAL INVALIDITY.

Testator devised land in trust for his five children, directing that the income be divided among them, and that on the death of any one the estate be divided into five equal parts, and one of them be distributed to such deceased child's descendant; that the other parts be held in trust for the life of each of the other children, to be distributed on the death of each to their respective descendants, except that a share of one of testator's daughters should be held in trust, not only for her life, but during her children's lives, and be distributed to her grandchildren at the death of her last surviving child. Held that, while the provision for the daughter violated the statute against perpetuities in Pennsylvania, where testator died and where the will was probated, and also the statute of New York, where the will was probated, it being testator's paramount purpose to give one share to each child and his descendants, the provision continuing the trust after the daughter's death will be rejected, and the will upheld according to such purpose.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 47, Trusts, § 72.]

2. SAME—DEATH OF ONE OF SEVERAL TRUSTEES—EFFECT.

Since, under Code Civ. Proc. § 2818, and Real Property Law, Laws 1896, p. 582; c. 547, § 146, on the death of one of three testamentary trustees, the survivors could execute a power of sale conferred upon all of them, it is immaterial to the validity of their deed whether one who joined in them as purported successor to the deceased trustee was regularly appointed.

3. JUDGMENT—RES JUDICATA—EQUITABLE ESTOPPEL—EFFECT OF WILL.

As against testamentary trustees' grantees, those interested in testator's estate are estopped to question the validity of the will as construed in 1870, or of the trustees' deed executed in the same year, where no

appeals were taken from decrees in proceedings involving the questions, and all persons interested seem to have acquiesced in such proceedings.

4. PROCESS—PUBLICATION SERVICE—AFFIDAVITS—MORTGAGE FORECLOSURE.
　　Affidavits for publication service of summons in a mortgage foreclosure action are insufficient, though they show defendants' nonresidence, where they do not allege any fact from which it may be inferred that they might not be found within the state.
　　[Ed. Note.—For cases in point, see Cent. Dig. vol. 41, Process, § 118.]

5. VENDOR AND PURCHASER—SUFFICIENCY OF TITLE—ADVERSE POSSESSION.
　　A purchaser should not be required to accept a title resting upon adverse possession, unless the title is established beyond reasonable doubt.
　　[Ed. Note.—For cases in point, see Cent. Dig. vol. 48, Vendor and Purchaser, § 247.]

6. ADVERSE POSSESSION—EVIDENCE—SUFFICIENCY.
　　That plaintiff and his predecessors in record title have been in actual, open, and adverse possession of land since 1884, claiming absolute ownership under a referee's deed in a foreclosure action, shows good title in plaintiff as against defendants in such action.
　　[Ed. Note.—For cases in point, see Cent. Dig. vol. 1, Adverse Possession, §§ 65, 66.]

7. LIMITATION OF ACTIONS—DEATH WHILE STATUTE RUNS—EFFECT.
　　Limitations on decedent's right to recover land, having commenced to run before his death, were not interrupted by his death, nor by the infancy of some of his heirs.
　　[Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Limitation of Actions, § 424.]

Action by Julius Lewine against Felice Gerardo and another. Decree for plaintiff.

Albert F. Gescheidt and Jeremiah D. Toomey, for plaintiff.
David Swits, for defendants.

MILLS, J. This is an action brought by the plaintiff, the vendor in a contract of sale and purchase of real estate situated in the city of Mt. Vernon, Westchester county, N. Y., to compel the defendant Gerardo, the vendee in said contract, to specifically perform the same. She declined to complete the purchase upon the ground that the plaintiff's title to the property was defective. In support of such claim certain objections were presented at the trial and are hereinafter stated and discussed.

First Objection. This is that the will of Frederick Klett, through which the plaintiff's title is claimed to be derived by a deed made by executors and trustees under such will, was void as a will of real estate situated in this state.

Said Klett died in the city of Philadelphia on the 26th of July, 1859, leaving a last will and testament and codicil thereto, properly executed as a will of real estate in accordance with the requirements of the laws of this state. Such will and codicil were duly probated by the orphans' court of Philadelphia county, state of Pennsylvania, corresponding to our Surrogate's Court, in August, 1859, and letters testamentary duly issued to the several executors and trustees named therein. They were also, in April, 1893, probated in the Surrogate's Court of this county as a will of real estate. See Matter of Klett's Will, 3 Misc. Rep. 385, 24 N. Y. Supp. 721. The gist of the provi-

sions of the will, so far as the real property of the testator is concerned, was that such property was left in trust to the executors and trustees named therein for the following uses and purposes, viz.: (a) To collect the income thereof and divide the same among the said five children of the decedent; and (b) upon the death of any one of said five children to divide the estate into five equal parts, and to distribute one of said equal parts among the lineal descendants of such deceased child, and to hold one of the other four such parts in trust for the life of each one of the other four children, and at his or her death to distribute the same to his or her lineal descendants, except that it was provided that in the case of the child Catherine Bickley such share should be held in trust, not only for her life, but also during the lifetime of her children, and upon the death of her last surviving child such share should be distributed among her surviving grandchildren. The will also gave to the executors and trustees power of sale as to the real estate, the exercise of which was evidently necessary to carry out the scheme of the above provisions of the will, if the same were valid.

The claim here made, under this objection by the defendant, is that the provisions of such will violated the New York statute against perpetuities, and that, therefore, the will, as to the real estate, was void both as to the dispositions attempted to be made and as to the power of sale granted in aid thereof. One of the testator's children, namely, Catherine R. Bickley, died on the 30th day of September, 1869, intestate, leaving her surviving a husband and five children; and another one of the testator's children, namely, Frederick Klett, Jr., died October 11, 1869, unmarried and without leaving any descendant, he leaving a will and codicil purporting to dispose of his interest under his father's will. Upon an accounting held in said orphans' court in April, 1870, that court was called upon to construe the provisions of the will of Frederick Klett, Sr., here questioned. It held, in substance, that those provisions, with other provisions of the will, should be construed together as dividing the trust estate into five shares at the death of the testator and setting apart one of such shares for each of his five children, and providing that the trustees should hold such share in trust for the life of such child and at his or her death pay the same over to his lineal descendants. As to the provision above recited as to the share of the child Catherine Bickley, it held that, while such provisions violated the Pennsylvania statute against perpetuities, which would be equally true of the New York statute, yet, taking the will as a whole, it was evident that the paramount purpose of the testator was to give one share to each child and his lineal descendants, and that it was competent for the court, in construing the will, to reject the provision continuing the trust after her death, during the lives of her children, as void under the statute of perpetuities, and to hold under the other provisions showing the paramount purpose that that share, upon her death, went at once to her lineal descendants. That court, therefore, upheld those provisions of the will as valid. The reasoning of that court in support of its conclusions appears to me to be sound, and I therefore adopt those conclusions, and upon such reasoning and conclusions hold that

the will of Frederick Klett, Sr., was a valid will disposing of his real estate in the state of New York as a part of the trust created by such will, and that the provisions creating such trust, taken as a whole, were and are valid under our laws. This results in the overruling of the first objection to the title taken by the defendant.

Second Objection. That the deed made to the plaintiff's predecessors in title on April 26, 1870, by the then trustees under the will of said Frederick Klett, was invalid, because one of the three original trustees named in the will, viz., Frederick Klett, Jr., had died, and that his purported successor had been appointed by a Pennsylvania court, and not by a New York court, and because such successor or substituted trustee joined with the two survivors of the original trustees in the deed.

It does not seem to me important to determine whether or not the Pennsylvania appointment of the successor to or substitute for the original trustee, Frederick Klett, Jr., was valid, because it seems clear that, if such appointment were invalid, the power of sale according to the laws of this state could have been validly executed by the two surviving trustees (see section 2818 of the Code of Civil Procedure and section 146 of the real property law [Laws 1896, p. 582, c. 547]); and such deed was executed by the two survivors of the original trustees. This objection is therefore also overruled.

It is contended by the counsel for the defendant that, if either of the foregoing objections were sustained, still the various persons interested in the estate of Frederick Klett, Sr., are, upon the evidence before the court, clearly to be held estopped from disputing the validity of the sale by said trustees of the premises in question. Such sale was made and the deed therefor delivered in April, 1870. In the early part of 1880 the trustees, or the survivor of them, accounted in the Pennsylvania court, and among the amounts received by him included in his account the proceeds of such sale with a precise statement of the sale. Such account was passed and confirmed by due proceedings in said court on the 3d of March, 1880, with all of the parties interested in such estate duly before the court. Several subsequent proceedings in Pennsylvania courts were taken, with such parties before the court, based upon the accuracy of the construction of the will hereinbefore recited as having been made by the orphans' court. From the decrees or judgments of such courts in such proceedings no appeal was taken by any of such parties; but, on the contrary, all appear to have acquiesced therein. Under those circumstances and considering the long time that has elapsed, I think that all such parties now stand estopped from questioning the validity of such construction of such will and the validity of such deed, as against the grantees in such deed and their successors in title.

Third Objection. That the deed in the plaintiff's chain of title, by Charles H. Ostrander, as referee, to Frederick Mager, dated August 28, 1884, was invalid to convey the interests of Daniel C. Hickey and Ellen Hickey, his wife, in the premises, because the order of service of summons upon them by publication, made in the foreclosure action resulting in said deed, was utterly void, because of the insufficiency

of the affidavits upon which the same were based, to confer.jurisdiction upon the court.

The said Daniel C. Hickey was the mortgagor, and at the time of the attempted foreclosure the owner of the premises subject to the mortgage. The affidavits upon which the order of publication was made merely stated that the two Hickeys were nonresidents of the state, and both resided at Vosburgh, Wyoming county, Pa. There were two such affidavits, the one by Du Bois, which asserted such nonresidence as a fact of affiant's actual knowledge, and the affidavit of the managing clerk, Owens, of the plaintiff's attorneys, which, after reciting the formal facts, stated:

"That since the commencement of this action he has made personal inquiries of Mr. William H. Pemberton, an attorney at law, residing at 57 East Fifty-Ninth street, New York City, and who, as deponent is informed and believes, is the regular attorney for said Daniel C. Hickey and Ellen Hickey, his wife, as to the several residences of the said defendants, for the purpose of having the summons and complaint herein served upon them, and was informed by said Pemberton that said Daniel C. Hickey and Ellen Hickey, his wife, are both nonresidents of the state of New York, and that they both reside at Vosburgh, Wyoming county, Pa."

These affidavits amount to no more than a statement of the fact of the nonresidence of the defendants Hickey and their actual residence at the stated place in the state of Pennsylvania. They do not allege any fact from which the inference is warranted that, although residing without the state, they might not be found within it. They do not show even that the inquiries of Mr. Pemberton went at all to the latter extent. I am unable, therefore, to discriminate this case from the case of Kennedy v. Lamb, 182 N. Y. 228, 74 N. E. 834, 108 Am. St. Rep. 800, where similar affidavits were held to have been entirely insufficient to confer jurisdiction upon the court to make the order of service by publication. It is contended, however, in behalf of the plaintiff here, that the title of the plaintiff upon the evidence should be found to be good and indefeasible as against the Hickeys by adverse possession. A purchaser should not be required by the court to accept a title resting upon adverse possession, unless the evidence establishes such title on such basis free from any reasonable doubt; but where the proof reaches that degree of certainty the purchaser may be compelled to accept the title. Freedman v. Oppenheim, 187 N. Y. 101, 79 N. E. 841, 116 Am. St. Rep. 595.

There is in the evidence no dispute as to any matter of fact affecting the question of title here by adverse possession. It appears that, from the time of the referee's deed in foreclosure, viz., August, 1884, up to the present time, the plaintiff and his predecessors in the record title have been in actual, open, adverse possession of the property, claiming under the referee's deed to be the absolute owners thereof. There is no pretense that their claim of title has during that period ever in any way been questioned. The said Mager, shortly after obtaining the referee's deed, constructed a house upon the premises; and from that time on to the present the premises, which constitute a small building lot, have been continuously occupied and dwelt upon by the plaintiff and his predecessor in title as absolute owners, and under an open and notorious claim of absolute ownership. It appears,

also, that the said Hickeys were adults at the time of the commencement of the foreclosure proceedings, and that Daniel C. Hickey died in Westchester county, July 27, 1894, leaving the said Ellen Hickey, his widow, surviving, and several children, some of whom were minors. He resided in Mt. Vernon, Westchester county, for several years before his death. It is clear, therefore, that the statute of limitations, by virtue of such adverse possession, began to run against the Hickeys some years before his death. Therefore the running of such statute against the Hickey interest was not interrupted by his death and the infancy of some of his heirs. Scallon v. Manhattan Railway Company, 185 N. Y. 359, 78 N. E. 284. It seems, therefore, entirely clear that, as against the Hickeys, the notorious, open, and adverse possession of the property under a claim of absolute ownership under the referee's deed, from 1884 up to the present time, has established in the plaintiff a good and indefeasible title.

I conclude, therefore, that the plaintiff has established his right to a decree against the defendant of specific performance of the contract; but, under all the circumstances of the case, I think that such decree should be without costs.