ESTATE OF JOHN S. CONANT, DECEASED, WILLIAM SHUBAEL CONANT, EXECUTOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 96851. Promulgated April 4, 1940.

*Henry L. Lyster, Esq., Raymond H. Berry, Esq.; Ralph W. Barbier, Esq., Arthur L. Evely, Esq., and James A. Cosgrove, Esq.,* for the petitioner.

*P. A. Sebastian, Esq.,* for the respondent.

## OPINION.

LEECH: This is a proceeding to redetermine a deficiency in estate tax in the amount of $37,197.24. So much of the deficiency as is in controversy results from respondent's determination that the corpus of a certain trust, created by the decedent, is includable in his gross estate under section 302 (c) of the Revenue Act of 1926 as a transfer to take effect at or after death.

The facts were stipulated and are so found.

Petitioner is the estate of John S. Conant, deceased (hereinafter referred to as "the decedent"), who died on June 18, 1936, a resident of Michigan.

On September 18, 1923, the decedent transferred certain securities in trust to the Detroit Trust Co. as trustee. The material provisions of the trust agreement follow:

WHEREAS first party * * * desires * * * to create a trust in the nature of a testamentary trust, irrevocable by him, for his use and benefit during his lifetime and to be terminated and disposed of at his death as hereinafter stated.

THEREFORE WITNESSETH

*    *    *    *    *    *    *

During the life of donor the net income of said trust fund shall be paid to him or on his written order. Upon the death of donor the trust hereby created shall terminate and the principal of said trust fund as then constituted and any income not remitted, and any accrued income to the date of donor's death, whether collected or not, shall be paid, transferred, assigned and set over unto WILLIAM S. CONANT, son of donor, should he then be living. In the event, however, of the death of William S. Conant prior to the death of donor, then, in that event, upon the death of donor the principal of said trust fund as then constituted shall be transferred, assigned and set over unto the Presiding Bishop and Council of the Protestant Episcopal Church of the United States of America, as a memorial to be known as the "JOHN S. and MARY M. CONANT FUND," IN TRUST, in perpetuity, * * *.

Donor hereby expressly reserves unto himself, during his lifetime, the right to change the ultimate beneficiaries of the principal of this trust, hereinabove designated, who would take hereunder in the event of the death of William S. Conant prior to the death of donor as above provided.

*    *    *    *    *    *    *

It is understood and agreed that the beneficiaries of the principal of this trust, whosoever they may be, shall acquire hereunder or become vested with no estate, right, title or interest in and to any of the property of this trust during the life of first party.

William S. Conant survived the decedent and received all the property held in the above trust upon its termination. Respondent included in decedent's gross estate, for estate tax purposes, the value of the trust property as of the date of decedent's death, under the Revenue Act of 1926, section 302 (c).

It is stipulated that the decedent did not execute the trust agreement or transfer any property or interest in property thereunder in contemplation of death.

All the issues are stipulated except the question of whether the corpus of the trust created by the decedent on September 18, 1923, is includable in his gross estate, under section 302 (c) of the Revenue Act of 1926, as it existed prior to its amendment by section 803 (a) of the Revenue Act of 1932. *Hassett* v. *Welch*, 303 U. S. 303. The pertinent part of this section provides that the value of the gross estate of the decedent shall be determined by including therein the value at the time of decedent's death of all his property "To the extent of any interest therein of which the decedent has * * * made a transfer, by trust or otherwise, * * * intended to take effect in possession or enjoyment at or after his death * * *."

The trust here was *inter vivos*. It was irrevocable and provided that the corpus of the trust created by him should go, upon his death, to his son, but that if the son should die first, it should go to the Protestant Episcopal Church. The decedent reserved, however, an unlimited power over the disposition of the corpus in the event that the son predeceased him.

It may be that, prior to the recent decision of the Supreme Court in *Helvering* v. *Hallock*, 309 U. S. 106, it would have been correct to hold that the decedent parted with all taxable interest in the corpus of the trust upon its creation, and that his death was not the generating source of new rights in the living. See *Helvering* v. *St. Louis Union Trust Co.*, 296 U. S. 39; *Becker* v. *St. Louis Union Trust Co.*, 296 U. S. 48.

The *Hallock* case, however, overruled those cases. It brings into the gross estate of the settlor at his death, under section 302 (c), *supra*, "that which the settlor gave contingently upon it." See also *Klein* v. *United States*, 283 U. S. 231.

Here, the gift of the remainder, in the event the son predeceased the decedent, in effect, was to the Protestant Episcopal Church or such other beneficiary as decedent thereafter designated. If the contingency of such death had occurred, the decedent could have defeated the interest of the church in favor of any one, including his own estate.

In this case, no more than in *Klein* v. *United States, supra; Helvering* v. *St. Louis Union Trust Co., supra;* or *Becker* v. *St. Louis Union Trust Co., supra,* "did the dominion over property which finally came to the beneficiary fall by virtue of the grantor's will, except by his provision that his own death should establish such final and complete dominion." *Helvering* v. *Hallock, supra.* In fact the decedent here made it emphatically clear that this was his definite intention. The preamble of the trust characterizes it as "in the nature of a testamentary trust." A provision of the body of the trust proclaims that "the beneficiaries of the principal of this trust, whosoever they may be, shall acquire hereunder or become vested with no estate, right, title or interest in and to any of the property of this trust during the life of [the decedent]." It would be difficult to conceive of language more apt in expressing the idea that the gift here of the remainder was contingent upon the death of the decedent—that its transfer was intended to take effect in possession or enjoyment at or after his death, and that decedent's death, and only decedent's death, should be the generating source of rights in the living. The inclusion of the corpus of this trust in decedent's gross estate for estate tax purposes under section 302 (c) of the Revenue Act of 1926, as unamended, is approved. In view of the stipulations affecting other issues,

*Decision will be entered under Rule 50.*