*Decision will be entered under Rule 50.*

ESTATE OF FREDERICK BODELL, JOSEPH J. BODELL, EXECUTOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 106353.   Promulgated June 9, 1942.

*Andrew P. Quinn, Esq.*, and *Richard F. Canning, Esq.*, for the petitioner.

*Davis Haskin, Esq.*, for the respondent.

64

OPINION.

SMITH: The first question for our determination is what portion of the proceeds of the above described insurance policies on decedent's life in excess of $40,000 is includible in his gross estate for estate tax purposes. Section 302 of the Revenue Act of 1926, as amended by section 404 of the 1934 Act, reads in part as follows:

SEC. 302. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated, except real property situated outside the United States—

(a) To the extent of the interest therein of the decedent at the time of his death;

      \*        \*        \*        \*        \*        \*        \*

(g) To the extent of the amount receivable by the executor as insurance under policies taken out by the decedent upon his own life; and to the extent of the excess over $40,000 of the amount receivable by all other beneficiaries as insurance under policies taken out by the decedent upon his own life.

(h) Except as otherwise specifically provided therein subdivisions (b), (c), (d), (e), (f) and (g) of this section shall apply to the transfers, trusts, estates, interests, rights, powers, and relinquishment of powers, as severally enumerated and described therein, whether made, created, arising, existing, exercised, or relinquished before or after the enactment of this Act.

Of the eight policies listed above, three were endowment policies which were payable to decedent at maturity. If the decedent should die before maturity the named beneficiary was to receive the proceeds. All of the other policies were ordinary life policies, with the proceeds payable to decedent's wife if living at the time of his death, otherwise to his estate. Decedent specifically reserved the right to change the beneficiary in only one of the policies. All of the policies were taken out by the decedent and the premiums were all paid by him. Two of them were taken out before February 14, 1919, the effective date of the Revenue Act of 1918, which was the first revenue act to contain express provisions including the proceeds of insurance policies in the gross estate for estate tax purposes.

Decedent's only interest in some of the policies, and his common interest in all of them, was the right of his estate to receive the proceeds of the policies in the event that the named beneficiary, his wife, should not be living at the time of his death. Respondent's contention is that because of this retained interest all of the proceeds of all the policies are includable in the gross estate under the theory of *Klein* v. *United States*, 283 U. S. 231, and *Helvering* v. *Hallock*, 309 U. S. 106.

Petitioner concedes in his brief that as to the six policies taken out by the decedent after the effective date of the Revenue Act of 1918 "the retention by the insured of a possibility of reverter constitutes an incident of ownership giving rise to the imposition of the tax", under the principle enunciated by the Supreme Court in the *Hallock* case. Petitioner contends, however, that the proceeds of policies taken out before the enactment of the Revenue Act of 1918 are not includable in the gross estate, relying upon *Lewellyn* v. *Frick*, 268 U. S. 238; *Helvering* v. *St. Louis Union Trust Co.*, 296 U. S. 39, and *Bingham* v. *United States*, 296 U. S. 211.

In the recently decided case of *Estate of John E. Cain, Sr.*, 43 B. T. A. 1133, we held, chiefly upon authority of *Helvering* v. *Hallock*, *supra*, that the proceeds of a life insurance policy in which the only interest retained by the insured was the right of his estate to receive the proceeds if the named beneficiary should predecease the insured

were includable in his gross estate under section 302 (g) of the Revenue Act of 1926, as amended. The policy there under consideration was taken out by the insured in 1929. The proceeds were to be paid to the insured's wife for life, with remainders over to his children and grandchildren if any survived, otherwise to his estate. The insured reserved no right to change the beneficiary or to assign or pledge the policy. The amount to be included in the insured's gross estate was limited in our decision to that portion of the proceeds which was allocable to the premium paid by the insured. A full discussion of the cases cited above and other related cases is found in our opinion in that case and need not be repeated here.

In an earlier decision, *Estate of William G. Thompson*, 41 B. T. A. 901, the Board held that where an endowment policy was taken out by the insured prior to the enactment of the 1918 Revenue Act and was made payable to the insured at maturity if living, otherwise to his wife if living, otherwise to his estate, the proceeds of the policy were not taxable in the insured's gross estate under section 302 (g) of the 1926 Act. In so far as the case may be construed to hold that the right of the insured's estate to receive the proceeds of the policy, in case the named beneficiary predeceased the insured, was not an interest in the policy which warranted the inclusion of the proceeds in the gross estate of the insured, it will not hereafter be followed.

In *Commissioner v. Washer* (C. C. A. 6th Cir.), 127 Fed. (2d) 446, the court held, upon authority of the *Hallock* case, that all of the proceeds of certain insurance policies in which the insured held no interest at the time of his death except the right of himself or his estate to the proceeds in case his wife predeceased him were includable in the insured's gross estate under section 302 (g). Some of the policies there involved were taken out before the enactment of the Revenue Act of 1918, but this fact was not considered material. Also, the court rejected the contention made by the taxpayer in that case, which is also the contention of the petitioner in the instant case, that the amount to be included in the gross estate was only the value of the interest retained by the insured rather than the total proceeds of the policies. In its opinion the court said:

We do not see that there is any distinction to be made between the policies written prior to the effective date of the 1926 Revenue Act, and those written thereafter, on the ground that vested interests were created in the beneficiary by the earlier policies which constitutionally could not be affected by a subsequent statute. If, as said in the *Klein* case, "the death of the grantor was the indispensable and intended event which brought the larger estate into being for the grantee and effected its transmission from the dead to the living, thus satisfying the terms of the taxing act and justifying the tax imposed," a principle approved in the *Hallock* case as a fastening upon the vital factor underlying a proper interpretation of the estate tax, then the identifiable event which determines both the incidence of the tax and its measure, is not the

date of the insurance contract but the death of the insured, and there is no distinction to be made between the avails of policies written before and those issued after the effective date of the statute. They are all to be included in the estate to be taxed. *Broderick* v. *Keefe, supra* [112 Fed. (2d) 293].

This conclusion must also result in our rejecting a contention that the amount to be included in the gross estate is to be measured not by the avails of the insurance policies but by the value of the interests therein that had been reserved. If *Helvering* v. *Hallock* furnishes, as it purports to do, a practical formula for determining the measure of the gross estate at the time of death, it is not by us to be refined or evaded by limiting inclusion in gross estate to the value of a possibility of reverter which real though it be, in respect to postponing complete passing of property until the event of death, is yet an intangible element in respect to value, and so incapable of measurement. * * *

In *Broderick* v. *Keefe*, 112 Fed. (2d) 293, the proceeds of certain policies were held taxable in the gross estate where the policies were taken out before the enactment of the Revenue Act of 1918 but the beneficiary was not irrevocably named until after that date.

We agree with the observation of the court in the *Washer* case that under the theory of the *Klein* and the *Hallock* cases no distinction is warranted between policies taken out before the enactment of the taxing act and those taken out after its enactment.

The respondent is sustained in his determination that all of the proceeds, in excess of $40,000, of all of the policies in question are includable in decedent's gross estate under section 302 (g) above.

The remaining issue involves the determination of the fair market value of 2,375 shares of the James Hanley Co. common stock which were owned by the decedent at the time of his death. The decedent's executor reported the shares in the estate tax return at a valuation of $25 a share. The respondent has determined a value of $29.625 a share. The respondent's valuation is based on over-the-counter average sale prices of the shares at or about the basic date.

The evidence of record is that there was a very limited market for the shares—they were not listed on any stock exchange—and that the transactions rarely involved more than 100 shares; that the only market for the shares was through brokers; and that the price offered by the brokers averaged from $1 to $2 less than the retail price at which they would expect to sell it.

Giving weight to all the evidence of record we have determined that $28 a share is as much as decedent's estate would have been able to realize from the sale of the 2,375 shares over a reasonable period following decedent's death and was the fair market value of those shares on that date. The shares in question should be included in decedent's estate at the value determined.

Reviewed by the Board.

*Decision will be entered under Rule 50.*

Murdock and Leech dissent.