MABEL SHAW BIRKBECK ESTATE, THE CHASE NATIONAL BANK OF THE CITY OF NEW YORK, SUCCESSOR TRUSTEE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 106530.   Promulgated October 6, 1942.

*J. R. Fillman, Esq.*, for the petitioner.
*J. C. Maddox, Esq.*, for the respondent.

OPINION.

ARUNDELL: The only question presented is whether or not the transfer of property by decedent in trust in 1903 was within the scope of section 811 (c) of the Internal Revenue Code.[1] Petitioner contends that, inasmuch as the trust was created prior to the enactment of the Revenue Act of 1916, which contained the first Federal estate tax, the Fifth Amendment to the Constitution prohibits the inclusion in the decedent's estate of the property transferred in trust. It maintains

---

[1] SEC. 811. GROSS ESTATE.

The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated, except real property situated outside of the United States—

&ast; &ast; &ast; &ast; &ast; &ast; &ast;

(c) TRANSFERS IN CONTEMPLATION OF, OR TAKING EFFECT AT DEATH.—To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, in contemplation of or intended to take effect in possession or enjoyment at or after his death, or of which he has at any time made a transfer, by trust or otherwise, under which he has retained for his life or for any period not ascertainable without reference to his death or for any period which does not in fact end before his death (1)

that the creation of the trust was not a transfer intended to take effect in possession or enjoyment at or after decedent's death. Respondent argues that the taxation of the trust property as a part of decedent's estate is not a retroactive application of section 811 (c). He asserts that the transfer is clearly within section 811 (c) and cites as authorities for this contention *Helvering* v. *Hallock*, 309 U. S. 106, and *Estate of Mary H. Hughes*, 44 B. T. A. 1196.

The trust was to continue during the lives of decedent and her daughter, the income going first to the former and then to the latter, and upon termination the principal was to be delivered to the issue of the daughter. In default of issue the remainder was to go as decedent might appoint by will; in default thereof, as the daughter might appoint by will; and in default thereof, to decedent's next of kin as by intestacy.

The reservation of decedent's life estate could not by itself justify the proposed deficiency, *Nichols* v. *Coolidge*, 274 U. S. 531, but respondent's principal contention is based upon the provisions of the trust instrument that the daughter, unless she survived decedent, would have taken nothing by her life estate, and her issue, unless they survived both decedent and their mother, would have taken nothing, and decedent would have been in a position to appoint the remainder. This, respondent argues, can not be distinguished in substance from a possibility of reverter and consequently the *Hallock* doctrine must govern.

In the view we take of this proceeding, however, it is unnessary to decide that question, for we are of opinion that in any event section 811 (c) may not validly be applied to the facts of this case. We thus do not consider whether a power of appointment constitutes an interest in property. Cf. *Porter* v. *Commissioner*, 288 U. S. 436; *United States* v. *Field*, 255 U. S. 257, 263; *Estate of John S. Conant*, 41 B. T. A. 739; *Meta Biddle Robinette*, 44 B. T. A. 701, reversed, 129 Fed. (2) 832. It may not be amiss, however, to point out that decedent's death did not determine the devolution of the trust estate. While she exercised her reserved power in her will to the extent that she was able, it is impossible to say whether anything will ever pass by virtue of that appointment. The daughter survived with two children of her own. If either of the children or any other child of the daughter survives the mother the corpus will go to that child upon termination of the trust and in accordance with its terms rather than

the possession or enjoyment of, or the right to the income from, the property, or (2) the right, either alone or in conjunction with any person, to designate the persons who shall possess or enjoy the property or the income therefrom ; except in case of a bona fide sale for an adequate and full consideration in money or money's worth. Any transfer of a material part of his property in the nature of a final disposition or distribution thereof, made by the decedent within two years prior to his death without such consideration, shall, unless shown to the contrary, be deemed to have been made in contempla· tion of death within the meaning of this subchapter.

to decedent's tentative appointees. Thus it can not be said here, as in *Commissioner* v. *Flanders*, 111 Fed. (2d) 117, that decedent's death destroyed a possibility of reverter or brought into being remainders over which the issue had full dominion. See *Estate of Frederick Bodell*, 47 B. T. A. 62; *Commissioner* v. *Washer*, 127 Fed. (2d) 446.

The retroactive application of taxing statutes is not necessarily unconstitutional. *Welch* v. *Henry*, 305 U. S. 134. "It is necessary to consider the nature of the tax and of the decedent's gift." *Milliken* v. *United States*, 283 U. S. 15. If the donor voluntarily makes a gift absolute and beyond recall, which he might well have refrained from making could he have foreseen the enactment of a later estate tax, the transfer may not validly be taxed as intended to take effect at death, although a life estate is reserved to the donor. *Nichols* v. *Coolidge*, *supra*. Similarly, with respect to a completed gift and a subsequently enacted gift tax. *Untermyer* v. *Anderson*, 276 U. S. 440. If, however, the transfer is not complete in the sense that the grantor may, in the light of the subsequent enactment, amend or revoke and thereby relinquish any strings he may have attached to the gift or undo what he has previously done, he is in no position to complain that the statute is retroactive if he voluntarily chooses not to exercise these powers. *Reinecke* v. *Northern Trust Co.*, 278 U. S. 339; *Saltonstall* v. *Saltonstall*, 276 U. S. 260; *Porter* v. *Commissioner*, *supra*; *Commissioner* v. *Chase National Bank*, 82 Fed. (2d) 157, certiorari denied, 299 U. S. 552. See *United States* v. *Jacobs*, 306 U. S. 363, holding section 302 (e) of the 1924 Act valid as applied retroactively to tax the full value of a joint tenancy, where the Court stated that "Until the death of her co-tenant, the wife could have severed the joint tenancy and thus have escaped the application of the estate tax of which she complains." Nor does the Constitution prohibit the imposition of a tax under a statute enacted after the transfer where an earlier statute in force at the time of the transfer contained similar provisions so that the grantor was on notice of the nature of the tax and the possibility of increased rates. *Milliken* v. *United States*, *supra*; *Klein* v. *United States*, 283 U. S. 231; *Helvering* v. *City Bank Farmers Trust Co.*, 296 U. S. 85. But if, notwithstanding the reservation of powers in the decedent, the transfer is in effect beyond recall, as for example where the power to revoke is exercisable only with the consent of an adverse interest, a retroactive tax imposed solely by reason of the ineffective power reserved is invalid. *Helvering* v. *Helmholz*, 296 U. S. 93; *White* v. *Poor*, 296 U. S. 98; *Commissioner* v. *Flanders*, *supra* (Trust No. 3).

With these general principles in mind we think it clear under the facts of the present case that section 811 (c) may not validly be invoked. The trust was created many years before enactment of the first Federal estate tax and decedent could not reasonably have

anticipated the nature of the section sought to be applied. The trust was irrevocable, since she retained no power to revoke. *Garner* v. *Germainia Life Insurance Co.*, 110 N. Y. 266; 18 N. E. 130; *Dickey* v. *Goldsmith*, 60 Misc. 258; 111 N. Y. S. 1025; Scott on Trusts, sec. 330. Decedent retained no power to amend or modify during her life. The reserved power of appointment, conditioned not only upon termination of the trust which will occur after her death but upon the survival or nonsurvival at that time of the issue of the second life tenant, gave decedent no power to recall the gift nor to relinquish any retained interests which might make the subsequent statute operative. While we agree with respondent that substance rather than form should govern, it does not suffice to say that the gift was incomplete because until decedent's death it was impossible to determine who would enjoy the remainder. In fact, it is still impossible to determine that. The transfer was beyond decedent's control at all times after enactment of the statute. To apply section 811 (c) in these circumstances would, we think, be as arbitrary as was the attempted application of its forerunner to the facts appearing in *Nichols* v. *Coolidge, supra.*

This disposition makes unnecessary any findings as to the values of the several interests involved or any consideration of petitioner's alternative contention that in any event the value of the daughter's life interest should be excluded from the decedent's gross estate.

*Decision will be entered for the petitioner.*