FLORA M. BONNEY AND ALICE E. CRAWFORD, EXECUTRICES OF THE LAST WILL AND TESTAMENT OF JAMES A. MACDONALD, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 55248. Promulgated September 22, 1933.

*Edwin W. Cooney, Esq.,* for petitioners.
*Frank T. Horner, Esq.,* for the respondent.

46

OPINION.

TRAMMELL: The question here is whether the corpus of the trust should be included in the gross estate of the decedent. The respondent has determined that it should be. The trust agreement reserved to the settlor the right to receive the income from the trust during his lifetime; it reserved to the settlor the right to supervise investments for the trustee, and there was included in the trust agreement a provision under the operation of which there was a possibility of the trust property reverting to the settlor in the event the beneficiaries predeceased him.

In our opinion, neither nor all of these reservations combined is sufficient to warrant the inclusion of the trust property in the decedent's gross estate.

The decedent herein, by means of the trust agreement executed in 1901, sold and transferred to the trustee therein named the stocks and securities referred to and did not reserve unto himself any power, either alone or in conjunction with any other person, to alter, amend or revoke the provisions of the trust agreement.

The trust instrument when signed and the actual transfer of the securities when consummated, were beyond the recall of the decedent. It was a completed transaction. The only beneficial interest the decedent had after the creation of the trust was the right to receive the income from securities comprising the corpus thereof. The right of the settlor to receive the income from the fund or trust, which right he possessed immediately prior to death, was obliterated by his death, and the direction to the trustee to pay such income to him during his life does not make the transfer of the property comprising the trust a transfer to take effect in possession or enjoyment at or after the settlor's death within the meaning of section 302 (c) of the Revenue Act of 1926, or identical provisions of prior acts. See *May* v. *Heiner*, 281 U.S. 238; *McCormick* v. *Burnet*, 283 U.S. 784; *Morsman* v. *Burnet*, 283 U.S. 783.

A joint resolution of Congress to amend section 302 of the Revenue Act of 1926, approved March 3, 1931, is not retroactive and has no bearing upon the decision of this case. See *Elizabeth B. Wallace, Executrix*, 27 B.T.A. 902. Nor was the reservation by the settlor of the right during his lifetime to supervise investments sufficient to constitute the transfer one to take effect in possession or enjoyment at or after the settlor's death. See *Reinecke* v. *Northern Trust Co.*, 278 U.S. 339.

The respondent contends that, since there was a possibility of the trust property reverting to the settlor during his lifetime, due to the beneficiaries predeceasing him, the property should be included in the settlor's gross estate. This question, however, was decided adversely to respondent in the case of *McCormick* v. *Burnet, supra*. In the *McCormick* case, as in this case, the corpus of the trust was to be transferred to the settlor in case she survived the beneficiaries to whom the income by the terms of the trust was payable after her death, but the Supreme Court held that even though there was a possibility of a reversion, the value of the trust property should not be included in the gross estate of the decedent. In both the cases of *Nichols* v. *Coolidge*, 274 U.S. 531, and *Coolidge* v. *Long*, 282 U.S. 582, there was present the possibility that the children of the grantors, together with their issue, might predecease the grantors, in which case the trust of its own accord would have terminated and the property would have gone back to the grantors or their estate. The court, however, did not consider in either of those cases that this possibility of a reverter was a sufficient interest in the property to render the transfer thereof subject to tax.

This question was also involved in the case of *Nanaline H. Duke et al., Executors*, 23 B.T.A. 1104; affd., 62 Fed. (2d) 1057, and also in the cases of *Stephen Peabody et al., Executors*, 24 B.T.A. 787; *H. Selden Taylor, Jr., et al., Executors*, 27 B.T.A. 220; *Lucy Belle Dunham et al., Executors*, 26 B.T.A. 286; and *Elizabeth B. Wallace, Executrix, supra*. All of these cases were decided adversely to the respondent's contention. There is a material distinction between a possibility of property reverting to the grantor and a contingency upon which the property might be transferred from the grantor at death. If the decedent made a complete and absolute transfer of his property it is not subject to estate tax, notwithstanding under some contingency it might revert to him. On the other hand, if the decedent did not convey his entire right, title and interest in the property, or make his death the time and occasion of the transfer, as was done in *Sargent* v. *White*, 50 Fed. (2d) 410, and *Chemical Bank & Trust Co. et al., Executors*, 25 B.T.A. 1153, then such properties so transferred are included in the gross estate because of the fact that the transfer takes effect in possession or enjoyment at or after the decedent's death. The mere possibility or contingency of the property reverting to the transferor is not sufficient.

We therefore hold that the property included in the trust herein involved should not be included in the gross estate of the decedent.

*Judgment will be entered under Rule 50.*