REBECCA H. TEETS, PLAINTIFF IN ERROR, v. EDWARD
WEISE, DEFENDANT IN ERROR.

Under a devise of lands to A for her life, and at her death to her chil-
dren who may be living at the time of her decease, no estate vests in a
child who dies before A.

In ejectment.    On error to the Supreme Court.

For the plaintiff in error, *J. J. Bergen.*

For the defendant in error, *J. N. Voorhees.*

The opinion of the court was delivered by

PARKER, J.    This action was brought by Rebecca H.
Teets against Edward Weise, to recover possession of the equal
undivided one-fifth part of certain lands in the county of
Hunterdon.    It appears that in the year 1846, George Trim-
mer died seized of the lands in question, leaving a will by
which he devised the lands in controversy as follows, viz.:
"*Fourth.* I give and devise unto my daughter, Julian Ver Noy,
wife of Nathan Ver Noy, without the same being in any wise
subject to the debts, engagements or liabilities whatsoever of
her said husband, Nathan Ver Noy, all that house and eight
acres of land where the said Julian Ver Noy now lives, situate
in the township of Tewksbury, in the county of Hunterdon, on
the south side of the branch, adjoining the farm I intend herein-
after to devise to my daughter, Elizabeth Hann, the said house
and eight acres of land to be held by her, my said daughter
Julian, during her life; and at her death I give and devise
the same to all her children and any issue of any deceased
child or children of my said daughter, Julian Ver Noy, that
may be living at the time of her decease, equally to be divided
between them, share and share alike, *per stirpes* and not *per
capita,* to them, their heirs and assigns forever.    *Fifth.* I do
give and devise further unto my daughter, Julian Ver Noy,

without the same being in any wise subject to the debts, engagements or liabilities whatsoever of her said husband, Nathan Ver Noy, all that farm I purchased of Jesse Gray, situate in the township of Lebanon, in the county of Hunterdon, containing seventy-four acres, be the same more or less, to the use and benefit of my said daughter, Julian Ver Noy, during her natural life, and from and after the decease of my said daughter Julian, I do give and devise the said farm to all her children and the issue of any deceased child or child-dren of my said daughter, Julian Ver Noy, that may be living at her decease, to them, their heirs and assigns forever, equally to be divided between them, share and share alike, *per stirpes* and not *per capita*, that is, the issue of any deceased child to take the share the parent, if living, would have taken."

At the time the testator died his daughter Julian was alive and had five living children, to wit, Richard M. Johnson Ver Noy, Angelina Weise, Elizabeth Sliker, Phœbe Weise and Mary Welsh. Richard died several years before his mother, and without children, leaving a will in which he devised the lands in question to the plaintiff in this suit. The other four children of Julian Ver Noy survived her, and took possession of the property. After the death of their mother they conveyed the lands to the defendant.

The only question presented for decision is whether Richard, who died before his mother, took, under the will, a vested or a contingent estate in the lands. The plaintiff claims through a devise from Richard, and if he did not have a vested estate the plaintiff must fail in this action.

It is true that in the construction of wills the courts favor the vesting of estates where it can be done consistently with the language used. In ascertaining the intention of the testator we are to look, in the first place, to the language of the will, and if it be ambiguous and susceptible of different meanings, or if carried out would conflict with the scope of the will, the language must give way, but if the language be plain it must govern.

What is the language employed in this will? The phrase-

ology of the two paragraphs making the devise differs slightly, but the effect is the same. The language plainly signifies the intention of the testator to have been that the lands devised to his daughter for life should not vest in any of her children who did not survive her. The language employed is as follows, viz.: "*And at her death* I give and devise the same to her children　*　*　* that *may be living at the time of her death*, to the use and benefit of my said daughter during her natural life, *and from and after the decease* of my said daughter Julian, I do give and devise said farm to all her children *　*　* *that may be living at her decease.*"

The language of this will is too plain to admit of doubt. The estate of Richard, through whom the plaintiff claims, was contingent, and depended upon his outliving his mother.

The evident intention of the testator harmonizes with this construction of the language. He intended to keep the estate in those children and grandchildren of his daughter who survived her, and not to put it in the power of any of her children who should die before her, without children, to pass the title to a stranger to his blood. The language limiting the estate to the children and grandchildren of his daughter who might be living at the time of her death, is of the substance of the devise, and does not refer to the time of enjoyment. When the event specified is annexed to the devise itself, the estate does not vest unless the event happens. In this case the event did not happen. Richard was not alive when his mother died.

It is not necessary to cite numerous authorities to prove a principle so well settled. In *Vanderburgh* v. *Hollinshead*, 1 *McCarter* 32, Chancellor Green said that when the limitation over of the estate upon the death of a devisee is to the surviving children of such devisee, a contingent estate is created, and if a child should die before the devisee for life, the estate passes to the survivors. Perhaps the principle is more clearly stated in the syllabus to that case, prepared by the Chancellor, viz.: "The rule is that where an interest is given to one for life, and after his death to his surviving children, they only

can take who are alive at the time the distribution takes place, and the estate is therefore contingent."

The conclusion is that Richard did not have a vested estate in the lands in question, and therefore the plaintiff took no title by his will.

The judgment is affirmed.

*For affirmance*—THE CHANCELLOR, DEPUE, DIXON, KNAPP, MAGIE, PARKER, REED, SCUDDER, VAN SYCKEL, BROWN, COLE, PATERSON, WHITAKER. 13.

*For reversal*—None.