KLEIN, FORMER ADMINISTRATRIX, ET AL. *v.*
UNITED STATES.

No. 387. Argued February 27, 1931.—Decided April 13, 1931.

*Messrs. Benjamin B. Pettus* and *H. H. Shinnick,* with whom *Edward Clifford* was on the brief, for petitioners.

*Assistant Attorney General Rugg,* with whom *Solicitor General Thacher* and *Messrs. Fred K. Dyar, Bradley B. Gilman,* and *Erwin N. Griswold* were on the brief, for the United States.

MR. JUSTICE SUTHERLAND delivered the opinion of the Court.

The petitioners are the sole surviving heirs of Solomon Klein and distributees of his estate. He died intestate, leaving among other property, two parcels of land in Cook County, Illinois, which, some fifteen months prior to his death, he had conveyed to his wife, Etta M. Klein, by deed, the habendum clauses of which are as follows:

"First. To have and to hold the said lands unto the said grantee for and during the term of her natural life, and if she shall die prior to the decease of said grantor then and in that event she shall by virtue hereof take no greater or other estate in said lands and the reversion in fee in and to the same shall in that event remain vested in said grantor, his heirs, and assigns, such reversion being

hereby reserved to said grantor and excepted from this conveyance.

"Second. Upon condition and in the event that said grantee shall survive the said grantor, then and in that case only the said grantee shall by virtue of this conveyance take, have, and hold the said lands in fee simple, unto the sole use of herself, her heirs, and assigns forever."

In auditing the estate tax return of the administratrix, the Commissioner of Internal Revenue included in the gross estate the value of these two parcels of land, after deducting therefrom the value of the life estate; and the tax thereto attributable was assessed against the estate. This was paid, and a claim for refund was rejected. Thereupon, petitioners sued in the Court of Claims to recover the amount. That court rendered judgment against petitioners. 42 F. (2d) 596.

The case turns upon the meaning and application of § 402 of the Revenue Act of 1918, c. 18, 40 Stat. 1057, 1097, which provides that the value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, etc.—

"(c) To the extent of any interest therein of which the decedent has at any time made a transfer, or with respect to which he has at any time created a trust, . . . intended to take effect in possession or enjoyment at or after his death . . ."

The two clauses of the deed are quite distinct—the first conveys a life estate; the second deals with the remainder. The life estate is granted with an express reservation of the fee, which is to " remain vested in said grantor " in the event that the grantee " shall die prior to the decease of said grantor." By the second clause the grantee takes the fee in the event—" and in that case only "—that she shall survive the grantor. It follows that only a life estate immediately was vested. The remainder was retained by the grantor; and whether that ever would become vested in

the grantee depended upon the condition precedent that the death of the grantor happen *before* that of the grantee. The grant of the remainder, therefore, was contingent. See 2 Washburn, Real Property (4th ed.), pp. 547–548, 559, par. 1. The decisions of the Supreme Court of Illinois, the state where the deed was made and the property lies, support this conclusion. *Haward* v. *Peavey*, 128 Ill. 430, 439; 21 N. E. 503; *Baley* v. *Strahan*, 314 Ill. 213, 217; 145 N. E. 359.

It is said that we must consider the deed as a whole; that since there is nothing in the granting clause to indicate the nature of the estate granted we must go to the habendum to determine that question; that the habendum consists of two clauses, one conveying a life estate, and the other the fee; and that " the greater estate or fee naturally swallows up the lesser or life estate when created by the same instrument." The principle invoked, however, does not help the petitioners, for certainly here the estates were not merged during the life of the grantor; and the deed evinces the clear intention of the grantor that they should not be. Nothing is to be gained by multiplying words in respect of the various niceties of the art of conveyancing or the law of contingent and vested remainders. It is perfectly plain that the death of the grantor was the indispensable and intended event which brought the larger estate into being for the grantee and effected its transmission from the dead to the living, thus satisfying the terms of the taxing act and justifying the tax imposed. Compare *Tyler* v. *United States*, 281 U. S. 497.

The provision of the Revenue Act of 1918, so far as it seeks to tax the transfer in question, is assailed as unconstitutional because, it is said, the transfer was complete and irrevocable before the act was passed. In support of this view *Nichols* v. *Coolidge*, 274 U. S. 531, and similar decisions of this court are cited. But the deed under

235

review, while made before the enactment of the Revenue Act of 1918, was made after the Act of 1916, c. 463, 39 Stat. 756, 777, which, with an addition not pertinent here, contained (§ 202) exactly the same provision; and the contention, for that reason, other grounds aside, is without merit. *Milliken* v. *United States, ante,* p. 15, where the cases relied upon by petitioners are distinguished.

*Judgment affirmed.*