**SARGENT et al. v. WHITE, Collector of Internal Revenue.**

No. 2552.

Circuit Court of Appeals, First Circuit.

May 28, 1931.

William T. Snow, of Boston, Mass. (Gaston, Snow, Saltonstall & Hunt, of Boston, Mass., on the brief), for appellants.

J. Duke Smith, Sp. Asst. to the U. S. Atty., of Boston, Mass. (Frederick H. Tarr, U. S. Atty., of Boston, Mass., on the brief), for appellee.

Before BINGHAM, ANDERSON, and WILSON, Circuit Judges.

WILSON, Circuit Judge.

Frank W. Remick in 1921 made a transfer of certain securities in trust for the following uses and purposes:

"To pay over in their discretion as they may deem advisable the whole or any part of the net income of the trust estate to me, the said Frank W. Remick, or in their discretion, in case they deem it advisable, to accumulate any part or the whole of the net income, and such part of the net income as is not paid to me shall in each year be added to and made part of the principal of the trust fund. If I survive my wife, Mary H. Remick, then upon the decease of my said wife, Mary H. Remick, said trust shall cease and the Trustees shall pay over, transfer, deliver and convey the Trust Estate absolutely free and discharged of every trust to me, said Frank W. Remick. If, however, my said wife, Mary H. Remick, survives me, then the Trustees shall upon my death pay over, transfer, deliver and convey the trust estate absolutely free and discharged of every trust to my said wife, Mary H. Remick."

Mr. Remick died in October, 1926, survived by his wife. The Commissioner of Internal Revenue in assessing the transfer tax upon his estate included in his gross estate the amount of the trust funds which increased the estate tax by $9,022.72. The executors paid the full amount assessed and filed a claim for a refund of the amount assessed upon the value of the trust funds.

The section of the Revenue Act of 1926 (44 Stat. 70) under which the government included the trust funds in the gross estate of Mr. Remick, is 302.(c), 26 USCA § 1094 (c) which reads as follows:

"Sec. 302. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated. * * *

"(c) To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, in contemplation of or intended to take effect in possession or enjoyment at or after his death, except in case of a bona fide sale for an adequate and full consideration in money or money's worth. * * * *"

Subdivision (h) of sec. 302 provides that subdivision (c) together with other enumerated subdivisions shall be retroactive. It is agreed by counsel that the transfer was not made in contemplation of death and that the Act of 1926 governs the case.

We think the trust funds were properly included in the gross estate of the decedent. In effect he conveyed the trust funds to the trustees to hold during his life, with a contingent remainder in himself and in his wife. 2 Washburn, Real Property (4th Ed.), 547, 548, 559, par. 1.

It was clearly the intent of the decedent that the trust funds should not become absolutely vested during his life, or, in the words of the statute, that the remainder after the life estate in the trustees should not "take effect in possession or enjoyment" in his wife until his death. Upon his death and as a result, the entire trust funds then passed to his wife. See Klein v. United States, 51 S. Ct. 398, 75 L. Ed. ——, decided by the Supreme Court April 13, 1931, which differs from this case to this extent that the grantor by deed transferred a life estate in some real property directly to his wife, expressly reserving to himself the fee, which, or as in this case the absolute title to the trust funds, passed to the wife at his death in case she survived him.

In the case of May v. Heiner, 281 U. S. 238, 50 S. Ct. 286, 74 L. Ed. 826, 67 A. L. R. 1244, the absolute disposition of the trust property was provided for in the trust instrument and only the income was reserved to the husband of the grantor and to herself for life, if she survived him.

The judgment of the District Court is affirmed with costs.