*792 OPINION.
MaRquette:
One issue here presented is whether the value of the real estate transferred by Cornelia Haven Peabody by deed of trust July 6, 1920, should be included in her gross estate subject to Federal estate tax. The respondent admits that the transfer was not made in contemplation of death, but he contends that the property should be taxed under section S02 (c) of the Revenue Act of 1924, as a transfer intended to take effect in possession or enjoyment after the death of the grantor. The petitioners contend that by the trust deed the decedent made an absolute and immediate transfer of the property, irrevocable, and not taxable as part of her estate. On this issue our decision is in favor of the petitioners. Reinecke v. Northern Trust Co., 278 U. S. 899; May v. Heiner, 281 U. S. 238; Nichols v. Bradley, 27 Fed. (2d) 47; Morsman v. Burnet, 283 U. S. 783; 51 Sup. Ct. 343; Colonial Trust Co. et al., Executors, 22 B. T. A. 1377. The case of Klein v. United States, 283 U. S. 231, relied upon by the respondent is not in point. In that case the grantor specifically conveyed a life estate only, which was to ripen into a fee simple “ in the event that said grantee shall survive the said grantor.” This is exactly the reverse of the situation now before us. In the Klein case the vesting of a fee simple in the grantee was wholly dependent upon the happening of an uncertain condition precedent, while in the present proceeding full title was conveyed to the grantees, subject to defeasance only upon the happening of an uncertain condition subsequent. There is a wide distinction between the two.
With respect to the bonds transferred by the decedent under the written instruments of June 1, 1918, and February 14, 1924, the respondent admits that the transfer was not made in contemplation of death, but he contends that the value should be included in the gross estate under section 302 (d) of the Bevenue Act of 1924. Whether the decedent had any actual or beneficial ownership in the bonds constituting the corpus of the trust we do not deem it necessary to decide, for, assuming that she had, we think the corpus of the trust was not a part of her gross estate. The trust instrument was *793 not made in contemplation of death, and at the date of decedent’s death the trust was not subject to change through the exercise of a power either by the decedent alone or in conjunction with any other person. When the event occurred, no interest in the property held under the trust passed from decedent to the beneficiaries, she having conveyed her entire estate therein. The principles announced in May v. Heiner, supra, and Reinecke v. Northern Trust Co., supra., are controlling here and the value of the trust corpus should, therefore, be excluded from the gross estate.

Judgment will be entered under Rule 50.