## LIT et al. v. COMMISSIONER OF IN-TERNAL REVENUE.

## COMMISSIONER OF INTERNAL REVE-NUE v. LIT et al.

### Nos. 5397, 5420.

Circuit Court of Appeals, Third Circuit.
July 20, 1934.

Wm. Clarke Mason and Henry Gross, both of Philadelphia, Pa., for Lit estate.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key and Helen R. Carloss, Sp. Assts. to Atty. Gen., for the United States.

Carroll G. Walter, of New York City, amicus curiæ.

Before WOOLLEY, DAVIS, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

These are cross-appeals from a decision of the Board of Tax Appeals. In 1923 Samuel D. Lit transferred shares of stock to a trustee in accordance with the terms of a trust agreement. The trustee was to pay the income to Rosa L. Lit, the settlor's wife, for life and, upon her death, to the settlor for life with remainder to the settlor's son, David J. Lit. The settlor reserved the right to revoke the trust. In 1924 the trustee, the settlor, and the two beneficiaries executed an agreement providing, inter alia, that the trust might be revoked or amended by agreement of the settlor and both beneficiaries. In 1927 the trust was revoked by agreement of all the parties in interest, and a new agreement was executed providing that the trust might be revoked, altered, or amended by the settlor with the consent of Rosa L. Lit, the beneficiary of the life estate. The settlor died in 1929 and was survived by his wife and son.

The executors of the settlor's estate in their tax return omitted from his gross estate the value of the corpus of the trust. The Commissioner of Internal Revenue included the entire value of the trust in the gross estate and assessed a deficiency. Upon petition by the executors for redetermination of the assessment, the Board of Tax Appeals rendered a decision in which it exempted from the estate tax the value of the life estate of Rosa L. Lit and held, as subject to tax, the value of the remainder. Both the Commissioner and the executors have petitioned for review of the decision of the Board of Tax Appeals.

The issues raised involve the construction of section 302 (c) (d) (h) of the Revenue Act of 1926 (26 USCA § 1094 (c, d, h).

We have given careful consideration to the arguments of the attorneys for the respective parties. Nevertheless, upon review of the findings of fact and opinion of the Board of Tax Appeals, we find ourselves in entire accord with the reasoning and conclusions set out in its decision. 28 B. T. A. 853.

The decision of the Board of Tax Appeals in both appeals is affirmed.