## COMMISSIONER OF INTERNAL REVENUE v. SCHWARZ et al.

### No. 108.

Circuit Court of Appeals, Second Circuit.

Jan. 7, 1935.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key and F. E. Youngman, Sp. Assts. to Atty. Gen., for petitioner.

James H. Hoffnagle, of New York City, for respondents.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

This appeal involves the federal estate tax under the Revenue Act of 1926, § 302 (c), 44 Stat. 9, 70, 26 USCA § 1094(c). The Board of Tax Appeals held that the trust, here considered, should not be taxed as part of the corpus of the estate of the decedent. The Commissioner petitions for a review pursuant to sections 1002, 1003, of the Revenue Act of 1926, c. 27, 44 Stat. 9, 109, 110 (26 USCA §§ 1225, 1226) and section 1001 (a), as amended by section 1101(a) of the Revenue Act of 1932, c. 209, 47 Stat. 169 (26 USCA § 1224).

On June 7, 1922, decedent, George F. Schwarz, executed a deed of trust transferring certain securities to a trustee and giving authority to invest and reinvest the trust funds, collect the income, and, after deducting all proper charges and expenses, to pay an income of $2,500 annually at stated periods from the 1st of April, 1922, and ending with the death of the settlor, to his sister, Anna C. F. Schwarz, and the "balance of the net income for each such calendar year, promptly after the end of such year, to the Donor, if he be living on the last day of such year, to wit, the thirty-first day of December, or, if he be not then living, in equal shares, to such of his * * * named sisters and brothers as shall be then living, * * * and if neither the Donor nor any of his said sisters or brothers be then living, to the said Anna C. F. Schwarz."

The trust further provided that, at the death of his sister, Anna C. F. Schwarz, "the Trustee shall pay, transfer, and deliver the principal of the said trust fund * * * to the Donor, if then living, and if not then living, in equal shares, per stirpes, to his descendants then living, and if neither he nor any descendant of his be then living, in equal shares to such of his brothers and sisters as shall be then living," and he named his brothers and sisters. He reserved the right to transfer additional property to the trust at any time, and also the right to withdraw any of the trust property at any time, or from time to time, before the 1st of April, 1927, and to receive the property so withdrawn as his absolute property, free and discharged from the aforesaid trust. He reserved also the right to amend his deed of trust at any time or from time to time before the 1st of April, 1927, and the right to revoke and terminate the trust before that day provided that such amendments of revocation and termination be made in writing, signed by the donor or his nominees duly authorized.

George F. Schwarz died January 1, 1931, leaving his sister, Anna C. F. Schwarz, surviving. The respondents, as executors, in filing the tax return, failed to include as part of the decedent's gross estate the value of the decedent's interest in the property held in trust. The petitioner determined a deficiency in the federal estate tax resulting from including in the gross estate of the decedent the value of the decedent's remainder interest in the property thus held in trust. The value of decedent's interest was computed by subtracting from the whole value of the trust property the present value of the life interest of the beneficiary, Anna C. F. Schwarz. The Commissioner found a retention by the donor of an interest in the property by virtue of which its possession and enjoyment were withheld from any other until his death. The trust fund amounted to $49,290.77. The tax is sought to be imposed pursuant to section 302(c) of the Revenue Act of 1926, 44 Stat. 9, 70, 26 USCA § 1094(c).

This case is to be distinguished from the class of cases where property is transferred in trust with remainders over to persons other than the grantor and where no remainder is reserved in the grantor. In such cases, the death of the grantor is not the event which effects the transfer of the remainder interest in the property held in trust. Here the decedent transferred property in trust, a fixed amount of the income from which

was to be paid annually to his sister during her life. Up to April 1, 1927, the trust could have been revoked, but was not revoked nor amended by him at any time before his death. By the terms of the trust instrument, he reserved to himself a remainder over after termination of the life estate, and if his death occurred prior to the termination of the life estate, the decedent's remainder interest went to his descendants. Since he died prior to the termination of the life estate, it was proper to include in his gross estate, subject to the federal estate tax, the value of the remainder interest which passed at his death to his descendants. Klein v. United States, 283 U. S. 231, 51 S. Ct. 398, 75 L. Ed. 996; Com'r v. City Bank Farmers' Trust Co. (C. C. A. 2) 74 F. (2d) 242, decided Dec. 17, 1934; Union Trust Co. v. United States (Ct. Cl.) 54 F. (2d) 152; Sargent v. White, 50 F.(2d) 410 (C. C. A. 1).

The death of this grantor was the indispensable and intended event which effected a transmission of a remainder interest from the dead to the living (Klein v. United States, supra), and the grant of the remainder interest in the trust fund was necessarily "intended to take effect in possession or enjoyment at or after" decedent's death within the meaning of the statute, section 302(c), 26 USCA § 1094(c). Thus the value of the remainder interest in the trust fund should be included in the gross estate. The life estate should be valued and deducted from the full amount of the trust corpus and the remainder taxed. Lit v. Commissioner (C. C. A.) 72 F.(2d) 551.

Cases such as Reinecke v. Northern Trust Co., 278 U. S. 339, 49 S. Ct. 123, 73 L. Ed. 410, 66 A. L. R. 397, May v. Heiner, 281 U. S. 238, 50 S. Ct. 286, 74 L. Ed. 826, 67 A. L. R. 1244, McCormick v. Burnet, 283 U. S. 784, 51 S. Ct. 343, 75 L. Ed. 1413, and Commissioner v. Wallace (C. C. A.) 71 F.(2d) 1002, are distinguishable. There the remainders were in form or substance vested to persons other than the grantors and not as here contingent on the time of his death. In Helvering v. Duke, 290 U. S. 591, 54 S. Ct. 95, 78 L. Ed. 521, the trust instrument provided for the creation of a trust for the benefit of the grantor's daughter, her children and their descendants during her life, and for a further period of twenty-one years, at which time the corpus was to be distributed to the children and their descendants. In the event that the beneficiary died prior to the death of the grantor, or in the event that she died subsequent to

his death and left no children or descendants of children surviving, the corpus would revert to the grantor or her estate. It was held that this mere possibility of reverter did not have the effect of reserving to the grantor any rights or benefits which passed at or after his death. In the instant case, the trust was created for the purpose of providing a fixed annual income to a beneficiary for life. The grantor clearly parted with no larger interest in the trust corpus. His death effected the transmission of his remainder interest to his heirs. Under authoritative decisions, that remainder constituted a part of his taxable gross estate.

Order reversed.