Cornelia V. W. Kellogg, Executrix of the Estate of Frederic R. Kellogg, Deceased, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 89143.    Promulgated November 22, 1939.

*C. M. Tappen, Esq.*, for the petitioner.
*Allen T. Akin, Esq.*, for the respondent.

918

**OPINION.**

VAN FOSSAN: The issue here presented is whether or not the transfers in trust were intended to take effect in possession or enjoyment at or after the grantor's death and thus the trust corpus should be included as a part of the taxable estate.

The respondent's theory is that by the terms of the trust the decedent retained a reversion in the trust corpus, while the petitioner contends that he reserved no power or interest other than income for life. Even if the trust contains a possibility of reverter running to the next of kin or heirs of the decedent, the petitioner asserts that such a possibility is so remote as to render the corpus not taxable.

Being confronted with *Hassett* v. *Welch*, 303 U. S. 303, the respondent has abandoned his original ground, as stated in his notice of deficiency, that the value of the trust should be included in the gross estate of the decedent because its income was to be distributed to him, as grantor, during his lifetime and bases his contention solely on that portion of section 302 (c) of the Revenue Act of 1926,

as amended by section 803 of the Revenue Act of 1932, which relates to the decedent's intention to make the transfer take effect in possession or enjoyment at or after his death.

The respondent relies on *Klein* v. *United States*, 283 U. S. 231. In that familiar case the grantor, by deed, conveyed land to his wife to hold during her natural life and reserved a remainder to himself if his wife predeceased him. The Court there held that only a life estate was vested and whether or not the remainder would ever become vested in the grantee depended upon the condition precedent that the death of the grantor happened before that of the grantee. In *Helvering* v. *St. Louis Union Trust Co.*, 296 U. S. 39, however, the Court distinguished the *Klein* case under facts more nearly resembling those in the case at bar.

In the *St. Louis Union Trust Co.* case the decedent provided that the income from the trust should be paid to his daughter for life, with the remainder to certain designated persons. The trustee was given discretionary power to terminate the trust whenever he might deem it wise to do so, whereupon the estate was to revert to the grantor. If the daughter should predecease the grantor the trust was to terminate and the trust estate was to be transferred to the grantor, to be his absolutely. The Court there said:

> The case of *Klein* v. *United States*, 283 U. S. 231, which is strongly relied upon by the Government, does not support its position. There the grantor, 15 months prior to his wife's death, conveyed to his wife by deed a life estate in certain lands. But in the event that she survived the grantor "and in that case only" she was to take the lands in fee simple. The effect of this deed, we held, was that only a life estate was vested, the remainder being retained by the grantor; and whether that should ever become vested in the grantee depended upon the condition precedent that the grantor die during the life of the grantee. The grantor having died first, his death clearly effected a transmission of the larger estate to the grantee. But here the grantor parted with the title and all beneficial interest in the property, retaining no right with respect to it which would pass to anyone as a result of his death. Unlike the *Klein* case, where the death was the generating source of the title, here, as the court below said, the trust instrument and not the death was the generating source. The death did not transmit the possibility, but destroyed it.

So here, the decedent transferred the title to the trust corpus and retained only a right to its income, terminating at his death. That reservation does not render the trust corpus taxable, *May* v. *Heiner*, 281 U. S. 238. He then provided that after his death the current income should be paid to his wife during her life. Upon her death he directed that the estate should be divided among their children under certain conditions immaterial to this discussion. If any child should die his share was to go to his heirs or to the appointees in his will or, in the absence of such beneficiaries, to his next of kin. However, if all of the grantor's children should predecease him and

his wife, leaving no spouse or issue surviving the grantor and his wife, then and then only was the trust corpus to pass to the grantor's next of kin.

Thus the grantor retained no right of reversion whatever in himself and only in a very remote contingency would the estate go to his next of kin. But that possible transmission to the next of kin was dependent not upon the grantor's death, but upon the death of various intermediary persons who were all living at the date of the grantor's death. After the decedent's death the acquisition of the corpus by either his children and their descendants or by his next of kin was no more definite and certain than before that event. Hence, the decedent's death had no effect on any specified interest of his children or on any potential interest of his next of kin in the property sought to be taxed as a part of his estate. See *Thomas C. Boswell et al., Executors*, 37 B. T. A. 970.

The respondent relies on certain decisions of the courts of New Jersey to establish the fact that the remainders given to the decedent's children were not vested. The cases he cites are all distinguishable on fact and do not support his position.

There is no controversy here with respect to what individuals may take under the trust instrument, as to the character of their share or the conditions controlling their devolution. We are concerned only with the incidents of tax from the viewpoint of the Federal taxing statutes. Under these circumstances, the decisions of the Federal courts and not of the local courts must govern. *Lyeth v. Hoey*, 305 U. S. 188.

We hold that the corpus of the trust was not properly included in decedent's gross estate.

*Decision will be entered under Rule 50.*