EVERETT D. GRAFF, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 92212. Promulgated November 22, 1939.

*Laird Bell, Esq., William N. Haddad, Esq.,* and *Carleton Blunt, Esq.,* for the petitioner.

*Dewitt M. Evans, Esq., J. M. Morawski, Esq., F. R. Shearer, Esq.,* and *Gerald W. Brooks, Esq.,* for the respondent.

## OPINION.

OPPER: Respondent can not be sustained in his principal contention, that the entire income of the trust is taxable to petitioner because some part or all of the income was used by his wife in defraying household expenses. We have found as a fact that there was no agreement, express or implied, included in the trust instrument or collateral to it, which placed any restriction upon the use of the trust income by the beneficiary. The doctrine of *Douglas* v. *Willcuts*, 296 U. S. 1, is thus inapplicable, *Jay C. Hormel*, 39 B. T. A. 244, at least unless we can combine with it the provisions of section 167 of the Revenue Act of 1934. And, since the most that can then be said is that the power to apply the trust income to the grantor's obligations was derived from a voluntary discretion exercised by the wife, who

is undeniably adversely interested in that same income, there is no foundation for the application of section 167. *Henry A. B. Dunning*, 36 B. T. A. 1222; *Ralph L. Gray*, 38 B. T. A. 584. See *Frederick K. Barbour*, 39 B. T. A. 910.

The alternative contention is that at least the capital gains of the trust which were retained as additions to principal under the local law are taxable to the grantor under section 167,[1] as being accumulations of income held for future distribution to him. This is resisted on the ground that petitioner's ultimate enjoyment of the accumulations is dependent under the terms of the trust on his survival of his wife.

There is no room for speculation as to the fact of accumulation. We know that the capital gains existed; that they were retained; and that for purposes of Federal taxation they constitute accumulated income. *Rollins* v. *Helvering*, 92 Fed. (2d) 390 (C. C. A., 8th Cir.); certiorari denied, 302 U. S. 763; *Charles Kaplan*, 26 B. T. A. 379. It remains only to consider whether under the unambiguous language of the trust such accumulations were, within the statute, held "for future distribution to the grantor."

In *Charles Kaplan, supra*, we ruled unequivocally, under facts substantially identical with those before us, that they were. This decision was, as we said in *Preston R. Bassett*, 33 B. T. A. 182, "affirmed in principle", 66 Fed. (2d) 401 (C. C. A., 1st Cir.). In *Fanny M. Dravo et al., Executors*, 34 B. T. A. 190, 194, and in *Mary Ryerson Frost*, 38 B. T. A. 1402, under comparable facts, we came to a similar conclusion. See also *John N. Fulham*, 40 B. T. A. 48.

Section 167, unlike 166, deals with the interest of a grantor in trust income. Since, by definition, the act of creating the trust constitutes a severance from the grantor's property of whatever is assigned to the trustees, the subject matter of 167 may otherwise be described as the taxation of certain retained interests of the grantor in the income of the trust. Prior to the transfer the grantor's legal and beneficial right to receive income from the property was absolute. By the trust he parted with that interest to some extent. Whether section 167 comes into operation thus depends on whether the beneficial interest with which he parted was, as a matter of law, great enough so that it can be said that the accumulations of income did not continue to be held for his benefit.

---

[1] SEC. 167. INCOME FOR BENEFIT OF GRANTOR.

    (a) Where any part of the income of a trust—

    (1) is, or in the discretion of the grantor or of any person not having a substantial adverse interest in the disposition of such part of the income may be, held or accumulated for future distribution to the grantor; or

    \*        \*        \*        \*        \*        \*        \*

then such part of the income of the trust shall be included in computing the net income of the grantor.

By article IV of the present deed of trust, the 1935 amendment being admittedly inapplicable to these years, it is provided that during the lifetime of petitioner's wife he may revoke the trust with her consent, and upon such revocation the trust estate is to pass as petitioner directs; and by article II that upon her death the trust property becomes petitioner's absolutely, if he shall then be living. What we said in *Mary Ryerson Frost, supra*, p. 1404, applies with equal force here: "This is literally within section 167 and also harmonious with its intendment as interpreted by the First Circuit Court of Appeals in the *Kaplan* case. Furthermore, this is not a mere possibility of reversion. Cf. *William E. Boeing*, 37 B. T. A. 178 (on review C. C. A., 9th Cir.) ; *John Edward Rovensky*, 37 B. T. A. 702, for the right to control the use of the   *   *   *   [accumulation] does not lie inchoate pending the grantor's survivorship of the husband, but is a power existing at all times in her, first in conjunction with her husband and then alone."

In other words, petitioner failed to dispose of the beneficial interest in the capital gains which he possessed prior to the declaration of trust, "the remainder being retained by the grantor", see *Helvering* v. *St. Louis Union Trust Co.*, 296 U. S. 39, 45. By retaining that interest, first in conjunction with the life tenant and thereafter absolutely, the grantor has himself created an arrangement whereby the accumulations of income to which section 167 refers are being held for future distribution to him. They would continue to be so held except for the possible happening of a condition subsequent, namely, his prior death. That event would for the first time terminate his continuing beneficial interest in that part of the trust income with which we are here concerned. *Klein* v. *United States*, 283 U. S. 231.

The fact that in the *Frost* case the accumulations would pass to the grantor only upon her revocation, while here they come to the petitioner by the express provisions of the trust without his affirmative act, constitutes no distinction between the two cases. In the former the effect is to provide that at the end of the accumulation period (the husband's life) the grantor's power to revoke gave her discretionary control over the accumulations; whereas here at the end of a similar period resumption of control over the accumulations by the grantor is automatic. But section 167,[2] in its present form, operates as effectively upon accumulated trust income where it "is *   *   *   held   *   *   *   for future distribution to the grantor" as it does where that future distribution may be contingent upon the exercise of a nonadverse discretion. See Report of Ways and Means

---

[2] As distinguished from section 166, see *Phebe Warren McKean Downs*, 36 B. T. A. 1129.

Committee, 72d Cong., 1st sess., House Report 708, p. 25.[3]  Cf. *Morris v. Commissioner*, 90 Fed. (2d) 962 (C. C. A., 2d Cir.); *Preston R. Bassett, supra,* 186, decided under earlier acts.

For the foregoing reasons, the accumulations may not be said to be held for any person other than the grantor, and we conclude that the income represented by the capital gain is within the purview of section 167.

Reviewed by the Board.

*Decision will be entered under Rule 50.*

ARUNDELL and VAN FOSSAN dissent.

---

[3] " The present law taxes the income of a trust to the grantor when in his discretion * * * the trust income may be held or accumulated for future distribution to him * * *. Trusts have been established in which income is held or accumulated for the grantor which fact it is contended removes such trusts from the operation of this section. Here again it is not at all certain that the courts will uphold such devices; yet the statute may well be clarified to remove any doubt that the income of such trusts is to be taxed to the grantors. Accordingly, the section has been amended * * *."