## GRAFF v. COMMISSIONER OF INTERNAL REVENUE.

### No. 7376.

Circuit Court of Appeals, Seventh Circuit.

Jan. 14, 1941.

Wm. N. Haddad, of Chicago, Ill., for petitioner.

Samuel O. Clark, Jr., J. P. Wenchel, J. Louis Monarch, John W. Smith, and Lee A. Jackson, all of Washington, D. C., for respondent.

Before SPARKS, MAJOR, and KERNER, Circuit Judges.

SPARKS, Circuit Judge.

Petitioner seeks to review a decision of the Board of Tax Appeals, which found a deficiency of $4,761.09 in his income tax for the year 1935.

The only question presented is whether the capital gains which were added to the corpus of a trust in 1935 were taxable to the trustees under Section 161,[1] or to the settlor under Sections 166 and 167[2] of the Revenue Act of 1934, 26 U.S.C.A.Int.Rev.

---

[1] "§ 161. *Imposition of Tax*

"(a) Application of Tax. The taxes imposed by this title upon individuals shall apply to the income of estates or of any kind of property held in trust, including—

"(1) Income accumulated in trust for the benefit of unborn or unascertained persons or persons with contingent interests, and income accumulated or held for future distribution under the terms of the will or trust * * *.

"(b) Computation and Payment. The tax shall be computed upon the net income of the estate or trust, and shall be paid by the fiduciary, except as provided in section 166 (relating to revocable trusts) and section 167 (relating to income for benefit of the grantor)."

[2] "§ 166. *Revocable Trusts*

"Where at any time the power to revest in the grantor title to any part of the corpus of the trust is vested—

(1) in the grantor, either alone or in conjunction with any person not having a substantial adverse interest in the disposition of such part of the corpus or the income therefrom, or

"(2) in any person not having a substantial adverse interest in the disposition of such part of the corpus or the income therefrom, then the income of such part of the trust shall be included in computing the net income of the grantor.

"§ 167. *Income for Benefit of Grantor*

"(a) Where any part of the income of a trust—

"(1) is, or in the discretion of the grantor or of any person not having a substantial adverse interest in the disposition of such part of the income may be, held or accumulated for future distribution to the grantor; or

."(2) may, in the discretion of the grantor or of any person not having a substantial adverse interest in the disposition of such part of the income, be dis-

248

Acts, pages 725, 727. The Board held the latter sections applicable, and from that decision this appeal is prosecuted.

The facts are not disputed. On September 26, 1930, petitioner executed a written instrument creating a trust, naming himself and Verde Clark Graff, his wife, as trustees. By its terms the trustees were to pay the net income of the trust to the wife for her life. Upon her death the trustees were to deliver the trust estate to petitioner, if he was then living; and if he was not then living, they were to divide the estate into funds, equal in value, for the petitioner's children, and eventually to pay the funds to the grantor's children, or their lineal descendants. The original trust was revocable only by the petitioner with the written consent of his wife.

By an amendment of December 28, 1935, which was after the capital gains presently to be mentioned, the trust was made irrevocable, and it was provided that upon the death of the wife, the trust estate should be distributed to the children, rather than to petitioner if living. In that form the trust is still in existence. When the trust was created petitioner was forty-four years of age, his wife was thirty-seven, and they were both in good health. They had three children at that time, ranging from seven to thirteen years of age.

During the year 1934, the trustees received dividends of $3,750 on securities thus held in trust. This income was currently distributed to the wife under the terms of the trust, and was included in her income tax return for the year 1934.

During the year 1935, the trustees received dividends amounting to $3,135, and capital gains derived from the sale of securities, of $14,217. The income from dividends, less a small amount for expenses, was currently distributed to the wife, and was reported in her income tax return for 1935. The capital gains were not distributed, but were retained by the trustees and added to the corpus. The trustees duly reported these gains on their return for that year, and paid income tax thereon.

Respondent added to petitioner's income the ordinary income of the trust for 1934 and 1935, as well as the capital gains of $14,217 in 1935, and on that basis determined deficiencies in petitioner's income tax for the two years, relying on sections 166 and 167 of the Revenue Act of 1934.

On appeal from this determination, the Board held that the petitioner was not taxable on the ordinary income of the trust, but was taxable, under section 167, on the capital gains of $14,217 for 1935. It therefore disallowed the deficiency for the year 1934, and redetermined the deficiency for 1935. The Commissioner acquiesced in the Board's decision.

Under the authority of Klein v. United States, 283 U.S. 231, 51 S.Ct. 398, 75 L.Ed. 996, and Helvering v. Hallock, 309 U.S. 106, 60 S.Ct. 444, 84 L.Ed. 604, 125 A.L.R. 1368, we feel constrained to affirm the Board's ruling. It is quite true that both of these cases involved sections of revenue acts, different from the sections and Act now before us, and did not involve the precise question, or the same facts as here. They also applied to the transfers of real estate rather than to personalty. However, the language of the court is so emphatic in both cases as to leave no doubt in our minds that the analogies to be drawn therefrom would not warrant us in refusing to apply them to the facts here presented.

In the Klein case [283 U.S. 231, 51 S.Ct. 399, 75 L.Ed. 996], the Court said, "Nothing is to be gained by multiplying words in respect of the various niceties of the art of conveyancing or the law of contingent and vested remainders. It is perfectly plain that the death of the grantor was the indispensable and intended event which brought the larger estate into being for the grantee and effected its transmission from the dead to the living, thus satisfying the terms of the taxing act and justifying the tax imposed." The Court in the Hallock case [309 U.S. 106, 60 S.Ct. 448, 84 L.Ed. 604, 125 A.L.R. 1368], said of the Klein case: "It rejected formal distinctions pertaining to the law of real property as irrelevant criteria in this field of taxation." We see no reason for rejecting such distinctions as to transfers of realty and applying the formal distinctions applicable to transfers of personalty.

It is quite true that in the Klein case there was no trust. However, in the Hallock case there was, and the Court apparently thought that made no difference, for it said:

"The inescapable rationale of this [Klein] decision * * * was that the statute taxes not merely those interests which are deemed to pass at death according to refined

tributed to the grantor; or * * * then such part of the income of the trust

shall be included in computing the net income of the grantor."

technicalities of the law of property. It also taxes inter vivos transfers that are too much akin to testamentary dispositions not to be subjected to the same excise. By bringing into the gross estate at his death that which the settlor gave contingently upon it, this Court fastened on the vital factor. It refused to subordinate the plain purposes of a modern fiscal measure to the wholly unrelated origins of the recondite learning of ancient property law."

This obviously means that for the purposes of taxation, the corpus of the property involved in both cases cited remained an asset of the grantor's estate until the happening of the indispensable event, which was his death; and until that time it was not vested in the grantee or grantees of either grant. We think it necessarily follows that the same must be said of the property here involved. Since the capital gain became a part of the corpus, it follows that it constitutes income accumulated for future distribution to the grantor, who had not, therefore, stripped himself of every right which might enable him to have such income. We do not regard Commissioner v. Branch, 1 Cir., 114 F.2d 985, or Kent v. Rothensies, D.C., 35 F.Supp. 291, in point as to the facts found here. If so, they are not controlling.

Petitioner urges that the difference of his age and his wife's clearly indicates the improbability of his outliving his wife or his children, and that fact would weigh heavily toward the conclusion that the grantor did divest himself of all interest in the corpus of the property when the deed of trust was executed. In view of the decisions referred to, we think this contention is without merit.

Petitioner further contends that neither section 166 nor 167 of the Act is applicable because the trust could not be revoked without the consent of grantor's wife, and she had a substantial interest therein. However, we are dealing with the corpus, and she had no interest whatever in anything except income during her life. No question is raised here as to whether the profit made on the sale of part of the corpus was in fact income, for both husband and wife proceeded on the theory that it was not income, and they let it remain as part of the corpus. Hence we have adopted their interpretation. Moreover, our ruling does not necessarily contemplate a revocation of the trust, it is also based upon the ending of the trust by the death of the wife

before the husband. See Altmaier v. Commissioner, 116 F.2d 162, decided by the Circuit Court of Appeals for the Sixth Circuit, December 13, 1940.

In view of the decisions we have cited, we hold that the decision of the Board should be, and it is

Affirmed.