## COMMISSIONER OF INTERNAL REVENUE v. KELLOGG.

### No. 7479.

Circuit Court of Appeals, Third Circuit.
March 20, 1941.

Lee A. Jackson, of Washington, D. C., for petitioner.

David Paine, of New York City, for respondent.

Before BIGGS, CLARK, and GOOD-RICH, Circuit Judges.

BIGGS, Circuit Judge.

The respondent is the executrix of the estate of Frederic R. Kellogg who upon December 29, 1919, as grantor, executed an irrevocable trust agreement, with himself and his wife, Cornelia V. W. Kellogg, as grantees. The corpus of the trust, at the time it was created, consisted of shares of stock and the trust agreement provided that other securities might be assigned from time to time to the corpus of the trust by the grantor. On March 2, 1926, certain additional shares of stock were so transferred but all property placed in the trust was transferred to it by the grantor before October 1, 1929. At the time of the creation of the trust the grantor's wife and four children were alive and all survived his death on August 18, 1935. At least one grandchild and a son-in-law also survived him. All of these persons were beneficiaries under the trust. The Board of Tax Appeals found that none of the transfers to the trust was made by the grantor in contemplation of death.

The petitioner takes the position that the transfers in trust made by the decedent were intended to take effect in possession or enjoyment at or after his death and were therefore includible in the grantor's gross estate pursuant to the provisions of Section 302(c) of the Revenue Act of 1926, 44 Stat. 9.[1] The Board of Tax Appeals held that the corpus of the trust was not includible in the grantor's gross estate. See 40 B.T.A. 916.[2] The Commissioner thereupon petitioned this court for a review of the Board's decision.

The trust sub judice reserved the income of the corpus to the grantor for life, then to his wife. Upon the death of the survivor of these two persons, the corpus of the trust is to be divided into as many parts as there are surviving children of the grantor and his wife, together with one equal part respectively for each of the children then dead but leaving spouse or issue surviving. One-half of the share of each child is to be paid over when such child reaches twenty-

[1] Revenue Act of 1926, c. 27, 44 Stat. 9:

"Sec. 302 [As amended by Section 803 (a) of the Revenue Act of 1932, c. 209, 47 Stat. 169, 26 U.S.C.A. Int.Rev.Acts, page 228]. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

\* \* \* \* \* \*

"(c) To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, in contemplation of or intended to take effect in possession or enjoyment at or after his death, or of which he has at any time made a transfer, by trust or otherwise, under which he has retained for his life or for any period not ascertainable without reference to his death or for any period which does not in fact end before his death (1) the possession or enjoyment of, or the right to the income from, the property, or (2) the right, either alone or in conjunction with any person, to designate the persons who shall possess or enjoy the property or the income therefrom; except in case of a bona fide sale for an adequate and full consideration in money or money's worth. Any transfer of a material part of his property in the nature of a final disposition or distribution thereof, made by the decedent within two years prior to his death without such consideration, shall, unless shown to the contrary, be deemed to have been made in contemplation of death within the meaning of this title."

[2] The pertinent portions of the trust indenture are set out at pages 917 and 918 of 40 B.T.A.

seven years of age; the other half, to be paid when the child becomes thirty-two years of age. Upon the death of a child before receiving his share, such share passes to his spouse or issue as he shall appoint by will, and in default of appointment the share passes to the next of kin of the child in accordance with the intestate laws of the State of New Jersey. The trust agreement also provides that if all of the children of the grantor and his wife predecease their parents, leaving neither spouse nor issue surviving the grantor and his wife, all of the property held in trust shall at the death of the survivor of the grantor and his wife pass absolutely "to the then surviving next of kin of the Grantor in the shares provided by the laws of New Jersey relating to the disposition of personal property in case of intestacy."

The Board of Tax Appeals [40 B.T.A. 920], stated that " * * * the grantor retained no right of reversion whatever in himself and only in a very remote contingency would the estate go to his next of kin. But that possible transmission to the next of kin was dependent not upon the grantor's death, but upon the death of various intermediary persons who were all living at the date of the grantor's death. After the decedent's death the acquisition of the corpus by either his children and their descendants or by his next of kin was no more definite and certain than before that event. Hence, the decedent's death had no effect on any specified interest of his children or on any potential interest of his next of kin in the property sought to be taxed as a part of his estate."

The decision of the Board of Tax Appeals was promulgated upon November 22, 1939, and the Board did not have the advantage of the decision of the Supreme Court in Helvering v. Hallock, 309 U.S. 106, 60 S.Ct. 444, 447, 84 L.Ed. 604, 125 A. L.R. 1368. In this case the Supreme Court, reiterating the rule first laid down in Klein v. United States, 283 U.S. 231, 51 S.Ct. 398, 75 L.Ed. 996, dealing also with the principles enunciated in Helvering v. St. Louis Trust Company, 296 U.S. 39, 56 S.Ct. 74, 80 L.Ed. 29, 100 A.L.R. 1239, and Becker

v. St. Louis Trust Company, 296 U.S. 48, 56 S.Ct. 78, 80 L.Ed. 35, stated, "All [these cases] involve dispositions of property by way of trust in which the settlement provides for return or reversion of the corpus to the donor upon a contingency terminable at his death. Whether the transfer made by the decedent in his lifetime is 'intended to take effect in possession or enjoyment at or after his death' by reason of that which he retained, is the crux of the problem. We must put to one side questions that arise under sections of the estate tax law other than § 302(c)—sections, that is, relating to transfers taking place at death. Section 302(c) deals with property not technically passing at death but with interests theretofore created. The taxable event is a transfer inter vivos. But the measure of the tax is the value of the transferred property at the time when death brings it into enjoyment."

■ The petitioner contends that because the grantor had a possibility of regaining prior to his death the property transferred in trust by him, the transfer was intended to take effect in possession or enjoyment at or after his death.[3] It would be bootless to reiterate in this opinion the circumstances of the cases discussed in Helvering v. Hallock. It is sufficient to state that in all the cases referred to in the majority opinion of the court as well as in the dissenting opinion of Mr. Justice Roberts a string or tie was inserted in the trust indenture whereby the grantor might pull back the corpus to himself upon the happening of some contingency terminable only by his death. This string or tie consisted usually of a provision in the agreement whereby the corpus revested in the grantor upon the termination of an earlier estate or where the grantor had the right upon the termination of an earlier estate to invade the corpus by destroying the trust. Typical among these cases is that of Bryant v. Helvering, considered in Helvering v. Hallock, supra, 309 U.S. at page 116, 60 S.Ct. at page 450, 84 L.Ed. 604, 125 A.L.R. 1368. The Bryant case is relied on strongly by the petitioner, but upon examination the distinction between it and the case at bar becomes apparent. In the Bryant case the indenture re-

---

[3] It should be noted that the corpus of the trust is not includible for the purpose of taxation because the grantor reserved a life estate to himself. The amendment to Section 302(c) taxing a transfer with a life estate reserved to the grantor was created by joint resolution adopted March 3, 1931. See 46 Stat.

1516, 26 U.S.C.A. Int.Rev.Acts, page 227. The amendment cannot take effect retroactively. See Hassett v. Welsh, 303 U. S. 303, 58 S.Ct. 559, 82 L.Ed. 858. It will be borne in mind that the trust sub judice was created in 1919 and that all additions to the res were made prior to October 1, 1929.

served a joint power in the grantor and his wife during their lives and to either of them after the death of the other to modify, alter or revoke the trust. Such a provision is lacking in the indenture sub judice.

The opinion of the Board of Tax Appeals and the briefs of the parties have dealt with the question of whether or not the estates created by the indenture after the life estates to the grantor and his wife are vested estates. The Board held that the remainder estates were vested. We disagree with this conclusion. Clause IV (c) of the indenture provides for remainder over to the children of the grantor and his wife "now alive and then surviving" and provides also for "one equal part" of the trust res "in respect of each of the said children who may theretofore have died", leaving husband, wife or issue surviving. In short, the remainder is not vested and cannot become vested until this class who will take can be ascertained and it cannot be ascertained until the survivor of the grantor and his wife dies. An estate may be said to be vested when the person or the class which takes the remainder is in existence or is capable of being ascertained when the prior estate vests. The estates following the life estates in the trust at bar do not meet this test, for the class contemplated as receiving the remainder must be composed of those children who were alive when the indenture was executed and who are still alive or whose children or respective spouses are alive when the survivor of the grantor and his wife dies. All of the grantor's children and all their issue and spouses could have died before the grantor and his wife died. In the last analysis the question of whether the estates following the life estates are or are not vested must be determined by the law of New Jersey, where the trust was created. The following decisions convince us that the estates following the life estates are not vested. We state them in chronological order. Van Tilburgh v. Hollinshead, 1861, 14 N.J.Eq. 32; Teets v. Weise, 1885, 47 N.J.L. 154; Dutton v. Pugh, 1889, 45 N.J.Eq. 426, 18 A. 207; Voorhees v. Singer, 1907, 73 N.J.Eq. 532, 68 A. 217, and Tantum v. Campbell, 1914, 83 N.J.Eq. 361, 91 A. 120.

The condition of the estates following the life estates under the indenture in the case at bar may be contrasted with what would have been their status had the grantor provided that those parts of the trust designated to go to the issue or spouse of a non-surviving child of the grantor had been set over to surviving children, grandchildren or spouses. Under these circumstances the estates following the life estates in the grantor and his wife would have been vested estates. The grantor would have put the corpus of the trust beyond possibility of return to himself except upon the very remote contingency that he would survive the death of his wife, his children, his grandchildren, the next of kin of his children and his own next of kin. If he had survived all of the persons named, the trust corpus would have reverted to him upon the failure of the trust. Upon the estates set up by the indenture of the case at bar, if the grantor had survived his wife, his children, their respective spouses, and their issue, and his own next of kin, the corpus of the trust would have reverted to him likewise by reason of the failure of the trust. In either event the trust would have returned to him not by specific words contained in the indenture, but by failure of the trust. Putting to one side any dialetic question as to how a man can outlive his next of kin, it is obvious in the case at bar that the grantor has no greater chance of recovering the corpus because the estates following the life estates are not vested than if they were. No inter vivos trust can ever be made that would not be includible in the grantor's estate for the purpose of taxation if the petitioner's view prevails. In the case at bar the grantor did not provide any string or tie in the instrument whereby he could pull the res back to him or invade the corpus. As Mr. Justice Frankfurter made plain in Hallock v. Helvering, it is not important for us to inquire too deeply into the technical forms in which interests may be cast or search far into "unwitty diversities of the law of property". We think that the fact of importance in the case at bar is that the grantor during his lifetime disposed of his interests in the corpus of the trust as well as any man could. The case at bar is closer to May v. Heiner, 281 U.S. 238, 50 S.Ct. 286, 74 L.Ed. 826, 67 A.L.R. 1244, than to Klein v. United States, 283 U.S. 231, 51 S.Ct. 398, 75 L.Ed. 996, and we think that the principle of the former decision controls it. This disposes of the petitioner's first contention.

The petitioner further contends that even if he is in error in urging that the corpus of the trust is includible in the grantor's estate under the principles of Helvering v. Hallock, none the less the transfer was a

substitute for the testamentary disposition of the grantor and, in the words of the statute, was "intended to take effect in possession or enjoyment at or after his death." In short the petitioner relies on the exact language of the statute. His difficulty in sustaining this contention arises also with May v. Heiner and becomes insurmountable, so far as this court is concerned, when we contemplate the decision in Reinecke v. Northern Trust Co., 278 U.S. 339, 347, 348, 49 S.Ct. 123, 73 L.Ed. 410, 66 A.L.R. 397. If the words of the statute just quoted are to receive the meaning contended for by the petitioner, they must receive it from the Supreme Court.[4]

Accordingly, the decision of the Board of Tax Appeals is affirmed.

---

[4] See, also, 49 Yale Law Journal 1118, 1122 (note).