**BROWN et al. v. UNITED STATES.**

No. 1400–Y.

District Court, S. D. California, Central Division.

Nov. 1, 1941.

Clark J. Milliron, of Los Angeles, Cal., for plaintiffs.

Wm. Fleet Palmer, U. S. Atty., E. H. ·Mitchell, Asst. U. S. Atty., and Eugene Harpole, Sp. Atty., Bureau of Internal Revenue, all of Los Angeles, Cal., for defendant.

YANKWICH, District Judge.

The above-entitled cause was heard upon the issues raised by the complaint and the answer thereto. The Court having heard the testimony, oral and documentary, and the cause having been submitted to the Court for decision, and the Court having considered the agreed statement of facts and the evidence and the law in the case and the arguments of counsel, now finds in favor of the plaintiffs and orders judgment that plaintiffs do have and recover of the defendant the sum of $9524.50, with interest thereon at the rate of six per cent per annum from March 1, 1937, and for costs herein.

■ The Court is of the view that 31 per cent of the 130¼ shares of Gardena Syndicate, valued at $142,552.05, should not have been included in the gross estate of Frederick L. Brown. The indenture of August 15, 1923, was a valid trust estate which conveyed irrevocably the estate to the trustees. The retention of a life income by the trustor did not prevent the estate from vesting, so as to exclude it from the estate of Frederick L. Brown at the time of his death.

■■ I have studied very carefully the cases relied on by the Government. Helvering v. Hallock, 1940, 309 U.S. 106, 60 S.Ct. 444, 84 L.Ed. 604, 125 A.L.R. 1368; Commissioner of Internal Revenue v. Clise, 9 Cir., 1941, 122 F.2d 998, and Estate of Hughes, 1941, 44 B.T.A. 1196. The Board of Tax Appeals in the majority opinion just cited assumes that Helvering v. Hallock overrules May v. Heiner, 1930, 281 U. S. 238, 50 S.Ct. 286, 74 L.Ed. 826, 67 A.L.R. 1244. Important cases of recent origin are not to be considered overruled by implication. Overruling by implication is no more favored than repeal by implication. And certainly, if Mr. Justice Frankfurter, who wrote the opinion and distinctly repudiated cases which he considered inconsistent with the ruling the Court was about to make, had felt· that May v. Heiner, supra, required either rationalization or outright repudiation, he would have said so. The fact that he did not is proof that that case stands unshaken.

And, as recently as 1938, the Court followed it in Hassett v. Welch, 1938, 303 U. S. 303, 58 S.Ct. 559, 82 L.Ed. 858.

Logically I cannot see how its authority is in any way impaired. It is also significant that our own Ninth Circuit Court of Appeals does not mention the case in Commissioner v. Clise, supra. And I find no warrant for the intimation of the majority of the Board of Tax Appeals in Estate of Hughes, supra, that the Hallock case repudiated May v. Heiner, supra. The May case can be defended both in the light of logic and of legal experience. It recognizes trust estates, a type which has been used for many years to vest title to property in others, the trustor retaining a limited life interest. When they are made absolutely and without the retention of a power to revoke, they are given full recognition in taxation cases because title to the corpus passes out of the trustor irrevocably. See my opinion in Nicholson v. United States, D.C., 1938, 25 F.Supp. 424, which was decided prior to the Hallock

**664**

case and was followed by Judge Sweeney of the District Court of Massachusetts in Terhune v. Welch, 39 F.Supp. 430, 434, decided on June 19, 1941. The Circuit Court of Appeals for the Third Circuit in Commissioner v. Kellogg, 119 F.2d 54, decided on March 20, 1941, also takes the view that trusts of the kind under consideration here and in May v. Heiner, supra, are not affected by the decision in the Hallock case.

Hence the decision above noted.

Findings and judgment to be prepared by counsel for the plaintiff under Local Rule 8.