ESTATE OF PAMELIA D. HOLLAND, DECEASED, FRANK P. HOLLAND, JR., EXECUTOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 107906. Promulgated February 10, 1943.

*Richard R. Conner, Esq.*, and *R. A. Conner, Esq.*, for the petitioner.
*Donald P. Moyers, Esq.*, for the respondent.

#### SUPPLEMENTAL OPINION.

OPPER, *Judge:* The opinion originally published in this case appears at 47 B. T. A. 807. The findings of fact therein. which we do not now disturb, need not be reiterated here. In view, however, of the reliance placed in the original opinion upon *Estate of Mary H. Hughes*, 44 B. T. A. 1196, which this Court has now disapproved (*Estate of Edward E. Bradley*, 1 T. C. 518, we consider it appropriate to reexamine the earlier opinion. No decision has yet been entered; still less has one become final. *John Thomas Smith*, 42 B. T. A. 505.

Our further consideration, however, satisfies us that the original result reached was correct, and that it was required even without reference to the principle of the *Hughes* case. Decedent's retention for her life of what we considered to be tantamount to the income

from the transferred property was not the only interest she retained, as appears more fully from the facts set forth at length in the earlier discussion. The instrument of conveyance required that the corporate stock in question be endorsed by the donees and forthwith returned as "security," forbade its transfer or pledge by them until after decedent's death and that of her husband, and reserved for the same period to decedent and her husband or the survivor the right to vote the stock, elect the directors of the company, and be chosen as its president.

The principal reliance of the petitioner was upon certain aspects of the law of the domicile, Texas, indicating that, although in terms the effectuation of all of the reserved interests was expressed as a condition precedent to the vesting of title, which was to become "absolute" only upon the death of both grantors, these stipulations would be regarded merely as in the nature of liens upon the property, cognizable by proceedings comparable to foreclosure. We regarded this contention as no more effective than the effort to distinguish between the vested remainder of *Klein* v. *United States*, 283 U. S. 231, and the possibility of reverter of *Helvering* v. *St. Louis Union Trust Co., infra*, and its companion case. Whatever the scope of the *Bradley* case in situations where the transfer is complete except for the retention by the decedent of the income from the property, it does not purport to limit the doctrine of *Helvering* v. *Hallock*, 309 U. S. 106, or diminish the applicability of the estate tax provisions to property of which the decedent has not completely divested himself prior to his death. See *Tips* v. *Bass*, 21 Fed. (2d) 460. This was the ultimate ground for our earlier opinion and, as to this, we see no necessity for changing our prior view as expressed in the following language:

Certainly, on an inclusive view of the whole arrangement, this withholding of the income until decedent's death, coupled with the retention of the certificates under the pledge and the reservation of the right to vote the stock and to designate the company officers, is an illuminating instance of the futility of that inquiry into "the technical forms in which interests contingent upon death are cast" which the *Hallock* case renounces. The very injection, into the discussion, of the nature of the title under the law of the domicile, and of the extent to which the contingencies of the transfer were the conditions precedent of a conditional sale or the conditions subsequent of a chattel mortgage, are reminiscent of the "unwitty diversities of the law of property" represented by the *St. Louis Union Trust Co. cases*, 296 U. S. 39, 48, but challenged by *Helvering* v. *Hallock*. We can not reach our conclusion in reliance upon any such "gossamer distinctions" and accordingly find no error in respondent's inclusion of the stock in decedent's estate.

The other issues are not affected by this revision.

*Decision will be entered in accordance with the computation heretofore submitted by the parties under Rule 50.*